IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

TIMOTHY THOMPSON,

      Plaintiff,

v.

CARNIVAL CORPORATION; DELISLE WALWYN
& CO. LTD.; VACATION AND TOUR CONSULTANTS
(ST. KITTS) LTD. d/b/a KANTOURS a/k/a KANTOURS
DESTINATION SERVICES; and XYZ CORPORATION(S),
      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff hereby sues Defendants and allege as follows:

### JURISDICTIONAL AND PRELIMINARY ALLEGATIONS

1. The Plaintiff, TIMOTHY THOMPSON, is a citizen of New Jersey.

2. Defendant, CARNIVAL CORPORATION (hereinafter "Carnival"), is a foreign entity with its principal place of business in Florida.

3. Defendant, DELISLE WALWYN & CO. LTD., upon information and belief, is a foreign entity doing business in Florida and/or with cruise line(s) based in Florida, including Carnival.

4. Defendant, VACATION AND TOUR CONSULTANTS (ST. KITTS) LTD. d/b/a KANTOURS a/k/a KANTOURS DESTINATION SERVICES, upon information and belief, is a foreign entity doing business in Florida and/or with cruise line(s) based in Florida, including Carnival. KANTOURS is a wholly-owned subsidiary of DELISLE WALWYN & CO. LTD.

5. Defendant, XYZ CORPORATION(S), is included to represent the owner(s) and/or operator(s) of the subject shore excursion, insofar as such entity has a different name than the

named Defendants herein. According to Carnival, the "tour operator" of the subject shore excursion is VACATION AND TOUR CONSULTANTS (ST. KITTS) LTD. d/b/a KANTOURS a/k/a KANTOURS DESTINATION SERVICES. Pursuant to the Plaintiff's preliminary investigation, DELISLE WALWYN & CO. LTD. is also believed to have owned and/or operated the subject shore excursion. XYZ CORPORATION(S) is (are) included in the event that discovery reveals any other entities are involved. XYZ CORPORATION(S) is (are) also used in a plural form. In the event that discovery reveals that additional entities, other than the named Defendants herein, contributed to the ownership, operation, and/or management of the subject shore excursion, the legal names of the entities will be substituted for XYZ CORPORATION(S).

6.    The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the event diversity jurisdiction does not apply, then this matter is brought under the admiralty and maritime jurisdiction of the Court.

7.    At all times material hereto, all Defendants, personally or through an agent:

a.    Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b.    Were engaged in substantial activity within this state;

c.    Operated vessels in the waters of this state;

d.    Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 and/or 48.193;

e.    The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

f.   The Defendant, Carnival, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Carnival Valor*.

8.   At all times material hereto, Defendants, DELISLE WALWYN & CO. LTD, VACATION AND TOUR CONSULTANTS (ST. KITTS) LTD. d/b/a KANTOURS a/k/a KANTOURS DESTINATION SERVICES, and/or XYZ CORPORATION(S) (hereinafter collectively referred to as "the Excursion Entities" in a manner so as to retain each Defendant's separate and individual liability in the event said Defendants are severed) engaged in substantial and not isolated activities in Florida. Such activities and contacts, assessed over a period of time and considered collectively, establish jurisdiction under Florida's long arm statute, based on the following:

a.   The Excursion Entities are believed to have entered into a contract with Carnival for the protection of Carnival's passengers, whereby the Excursion Entities agreed to subject themselves to the laws and jurisdiction of the State of Florida, consented to personal jurisdiction over themselves, and consented to the venue of the United States District Court for the Southern District of Florida.  As alleged in Count V, Plaintiff is a third-party beneficiary to the contract between Carnival and the Excursion Entities.

b.   The Excursion Entities agreed to insure an entity located in Florida (Carnival) for foreseeable risks.  Specifically, upon information and belief, the Excursion Entities entered into agreements with Florida-based Carnival to indemnify it and insure it.  As such, because the Excursion Entities contractually agreed to indemnify Carnival (an entity located in Florida) for any harm resulting from their services, the Excursion Entities agreed to insure a person and/or risk in Florida under Florida Statute § 48.193(1)(d).  Section 48.193(1)(d) provides that "any person… who contracts to insure any person, property, *or* risk located in Florida" is subject to the jurisdiction

of Courts in Florida. Id. (emphasis added).

c.  The Excursion Entities appointed Carnival as their exclusive agent in Florida, giving Carnival "absolute and complete control" of all claims brought against them in Florida.  In consideration of working as an excursion operator for Florida-based Carnival, each Excursion Entity signed indemnity agreements with Carnival. In each indemnity agreement, the Excursion Entities appointed Carnival and Carnival's insurer as their exclusive agent, giving Carnival "absolute and complete control of the defenses of all proceedings against [the Excursion Entities]." By virtue of such appointments and giving Carnival a *quasi*-power of attorney, the Excursion Entities purposefully directed their activities to this forum.   In this case, under the aforementioned agreement, Florida-based Carnival controls and pays for the Excursion Entities' attorney(s) in Florida.  Accordingly, the Excursion Entities appointed an agent in Florida (other than their attorney(s)) to assume complete control of their defenses in this case.

d.  At all times material hereto, the Excursion Entities maintained active bank accounts in Florida.  Upon information and belief, the Excursion Entities earned taxable income from these accounts.

e.  At all times material hereto, the Excursion Entities purposefully reached out to associations headquartered and/or located in Florida, including, but not limited to, the Florida Caribbean Cruise Association, and maintained business relationships with such associations.

f.  At all times material hereto, the Excursion Entities purposefully reached out to Carnival (and/or other cruise lines) in Florida and entered into long-term business arrangements with these Florida entities to provide services to cruise passengers for profit.

g.  All payments of the Excursion Entities' earnings from Florida-based Carnival (and/or other Florida-based cruise lines) were processed by the cruise line(s) in Florida.

h.   Alternatively, the Excursion Entities are subject to the jurisdiction of this Court under Federal Rule of Civil Procedure 4(k)(2) because they maintain an office and sell shore excursion tickets in the United States and/or sell shore excursion tickets through Carnival's website, which is administered in the United States.

9.   Defendants are subject to the jurisdiction of the Courts of this State.

10. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

11. At all times material hereto, Carnival owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Valor*.

12. At all times material hereto, the Excursion Entities owned and/or operated the subject shore excursion, "ATV Adventure," which was offered, arranged for, sponsored, recommended, marketed, sold, co-operated and/or managed by Carnival.

## FACTS COMMON TO ALL COUNTS

13. On or about December 12, 2014, Plaintiff was a paying passenger aboard the *Carnival Valor*, which was in navigable waters.

14. At all times material hereto, excursions from the *Carnival Valor* were advertised to passengers and the Plaintiff in Carnival's website and Carnival's promotional material, including, but not limited to, brochures that contained Carnival's logo.

15. At all times material hereto, Carnival offered passengers aboard the *Carnival Valor* and the Plaintiff the opportunity to go on various shore excursions during the subject cruise, including, but not limited to, the ATV Adventure excursion.

16. At all times material hereto, Carnival had a shore excursion desk aboard the *Carnival Valor* for the purpose of, *inter alia*, providing Carnival passengers recommendations regarding shore excursions and charging Carnival passengers for shore excursions.

17. At all times material hereto, Carnival sold tickets for the ATV Adventure excursion to passengers aboard the *Carnival Valor*, including the Plaintiff, during the subject cruise.

18. At all times material hereto, despite requests, Carnival did not provide any information to the Plaintiff with respect to the name(s), address(es), owner(s) and/or operator(s) of the ATV Adventure excursion.

19. On or about December 12, 2014, as part of Plaintiff's cruise aboard the *Carnival Valor*, the Plaintiff participated in the ATV Adventure excursion in St. Kitts. This excursion was arranged for, sponsored, recommended, operated, marketed, and/or sold by Carnival as part of the voyage on the subject cruise.

20. Transportation to the excursion location and back to the *Carnival Valor* vessel was included in the ATV Adventure excursion that the Plaintiff purchased from Carnival.

21. On or about December 12, 2014, as the Plaintiff was participating in the excursion, riding on an ATV, the brakes in the ATV failed and/or malfunctioned.  As a result, the Plaintiff was thrown off of the ATV, and the ATV ran over the Plaintiff's left foot, causing him to suffer severe injuries.

22. At all times material hereto, the Excursion Entities were the agent(s) and/or apparent agent(s) of Carnival by virtue of the following, such that Carnival is estopped from denying that Carnival was the agent for the Excursion Entities:

    a.   Carnival made all arrangements for the subject shore excursion without disclosing to Plaintiff that the subject shore excursion was being run by another entity (and/or entities); and/or

b.   Carnival marketed the subject shore excursion using its company logo on its website and/or in its brochures and/or on its ship without disclosing to Plaintiff that the subject shore excursion was being run by another entity (and/or entities); and/or

c.   Carnival maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject shore excursion without disclosing to Plaintiff that the subject shore excursion was being run by another entity (and/or entities); and/or

d.   Carnival recommended its passengers to not engage in excursions, tours and/or activities that are not sold through Carnival; and/or

e.   Until the point that Plaintiff actually participated in the subject shore excursion, the Plaintiff's exclusive contacts concerning the subject shore excursion was with Carnival and/or Carnival's onboard excursion desk; and/or

f.   The fee for the subject shore excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by Carnival; and/or

g.   Plaintiff received the receipt for the purchase of the subject shore excursion exclusively from Carnival.

23. At all times material hereto, Plaintiff relied on the above, to his detriment, so as to believe that the Excursion Entities were the employee(s) and/or agent(s) of Carnival, in choosing the subject shore excursion.  At no time did Carnival represent to Plaintiff in particular, or the ship's passengers in general, in a meaningful way that the Excursion Entities were not agent(s) and/or employee(s) of Carnival.

24. At all times material hereto, Carnival was the owner or co-owner of the subject shore excursion.  At all times material hereto, Carnival was responsible for, and liable for, the actions of the Excursion Entities with respect to the subject shore excursion.

25. In the alternative, at all times material hereto, a partnership and/or joint venture existed between the Excursion Entities by virtue of the following, whereby Carnival and the Excursion Entities are jointly and severally responsible for the negligence of each other as partners of the partnership and/or joint venture:

a.   Carnival and the Excursion Entities entered into an agreement whereby: Carnival made all arrangements for the Plaintiff, on behalf of the partnership with the Excursion Entities, for the subject shore excursion being run by the Excursion Entities; and/or

b.   Carnival marketed on Carnival's website and/or in its brochures and/or on its ship, on behalf of the partnership with the Excursion Entities, the subject shore excursion being run by the Excursion Entities; and/or

c.   Carnival maintained an excursion desk on its ship where it offered, sold, provided information to, and answered questions of passengers, on behalf of the partnership with the Excursion Entities, about the subject shore excursion being run by the Excursion Entities; and/or

d.   The Excursion Entities provided the equipment to be used in the subject shore excursion; and/or

e.   Carnival determined the amount of money charged for the subject shore excursion being run by the Excursion Entities; and/or

f.   Carnival collected the amount of money charged for the subject shore excursion being run by the Excursion Entities; and/or

g.   Carnival paid the Excursion Entities a portion of the sales of tickets for the subject shore excursion after the subject shore excursion tickets were sold; and/or

h.   Carnival shared profits and losses with the Excursion Entities for the subject shore excursion.

26. At all times material hereto, Carnival was an agent for the Excursion Entities in the United States.

27. At all times material hereto, Carnival was a partner in the subject shore excursion.

28. At all times material hereto, Carnival operated and/or supervised the subject shore excursion.

29. At all times material hereto, the Excursion Entities owned and operated the subject shore excursion.  The Excursion Entities were involved in providing the subject shore excursion to the Plaintiff.  At all times material hereto, the Excursion Entities were the agent(s), apparent agent(s), joint venturer(s), servant(s), and/or employee(s) of Carnival and at all times acted within the course and scope of their agency, apparent agency, joint venture, service and/or employment.

## COUNT I – NEGLIGENCE AGAINST CARNIVAL

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-nine (29) as though alleged originally herein.

30. It was the duty of Carnival to provide the Plaintiff with reasonable care under the circumstances.

31. On or about December 12, 2014, Carnival and/or its agents, servants, joint venturers and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances.

32. The Plaintiff was injured due to the fault and/or negligence of Carnival, and/or its agents, servants, joint venturers and/or employees, for acts and/or omissions that include, but are not limited to, the following:

    a.  Failure to provide a safe excursion; and/or

    b.  Failure to adequately inspect and/or monitor excursion providers so as to ensure that the subject shore excursion was reasonably safe for cruise passengers and the Plaintiff; and/or

    c.  Failure to properly supervise and oversee the excursion marketed, advertised, offered and sold to its guests; and/or

    d.  Failure to regularly and adequately inspect and/or maintain the ATVs used for the subject shore excursion; and/or

    e.  Failure to adequately inspect and/or monitor the subject shore excursion so as to ensure that the ATVs used for the subject shore excursion were regularly and adequately inspected and/or maintained; and/or

    f.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that the ATVs used for the subject shore excursion were regularly and adequately inspected and/or maintained; and/or

    g.  Failure to adequately inspect and/or monitor the policies and procedures of the Excursion Entities to ensure that the ATVs used for the subject shore excursion were regularly and adequately inspected and/or maintained; and/or

    h.  Failure to adequately inspect and/or monitor the subject shore excursion so as to ensure that the ATVs used for the subject shore excursion were reasonably safe for Plaintiff and cruise passengers; and/or

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

i.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that the ATVs used for the subject shore excursion were reasonably safe for Plaintiff and cruise passengers; and/or

j.   Failure to adequately inspect and/or monitor the policies and procedures of the Excursion Entities to ensure that the ATVs used for the subject shore excursion were reasonably safe for Plaintiff and cruise passengers; and/or

k.   Failure to adequately warn the Plaintiff and other cruise ship passengers that Carnival does not inspect and/or maintain the ATVs used for the subject shore excursion; and/or

l.   Failure to adequately warn the Plaintiff and other cruise ship passengers that Carnival does not verify that the ATVs used for the subject shore excursion were reasonably safe, inspected, and/or maintained; and/or

m.   Failure to adequately warn the Plaintiff of the dangers involved with the subject ATV during the subject shore excursion; and/or

n.   Failure to adequately warn the Plaintiff of the dangers of participating in the subject shore excursion; and/or

o.   Failure to adequately instruct passengers (including the Plaintiff) on how to operate ATVs; and/or

p.   Failure to require the Excursion Entities to adequately instruct passengers (including the Plaintiff) on how to operate ATVs; and/or

q.   Failure to provide competent tour guides for the subject excursion, based on the lack of and/or inadequate safety/practice lesson given to the Plaintiff and/or cruise passengers prior to the subject incident; and/or

r.   Failure to provide adequate assistance to passengers (including the Plaintiff) while participating in the subject shore excursion; and/or

s.   Failure to require the Excursion Entities to provide adequate assistance to passengers (including the Plaintiff) while participating in the subject shore excursion; and/or

t.   Failure to adequately supervise passengers participating in the subject shore excursion; and/or

u.   Failure to require the Excursion Entities to adequately supervise passengers participating in the subject shore excursion; and/or

v.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers participating in the subject shore excursion are adequately and/or properly instructed, assisted and/or supervised by the Excursion Entities; and/or

w.   Failure to adequately inspect and/or monitor the policies and procedures of the Excursion Entities to ensure that the passengers participating in the subject shore excursion are adequately and/or properly instructed, assisted and/or supervised by the Excursion Entities; and/or

x.   Having a shore excursion that was not competently operated; and/or

y.   Negligently selecting and/or retaining the Excursion Entities to operate the subject excursion despite their incompetence and/or unfitness.

33. All or some of the above acts and/or omissions by Carnival and/or its agents, servants, and/or employees, caused and/or contributed to the Plaintiff being severely injured while participating in the subject shore excursion.

34. Carnival knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Carnival, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

Specifically, in approving the subject excursion, Carnival's inspections should have revealed the hazards that the excursion posed to cruise passengers like the Plaintiff.  Further, the Plaintiff anticipates that discovery will reveal that, prior to the Plaintiff's incident, other cruise ship passengers were also injured participating in the same shore excursion.

35. As a result of the negligence of Carnival, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT II – NEGLIGENCE AGAINST THE EXCURSION ENTITIES

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-nine (29) as though alleged originally herein.

36. At all times material hereto, the Excursion Entities owned and/or operated the subject shore excursion.

37. It was the duty of the Excursion Entities to provide the Plaintiff with reasonable care under the circumstances.

38. On or about December 12, 2014, the Excursion Entities, and/or their agents, servants, joint venturers and/or employees, breached their duty to provide the Plaintiff with reasonable care under the circumstances.

39. The Plaintiff was injured due to the fault and/or negligence of the Excursion Entities, and/or their agents, servants, joint venturers and/or employees, for acts and/or omissions that include, but are not limited to, the following:

    a.   Failure to provide a safe excursion; and/or

    b.   Failure to adequately inspect and/or monitor excursion providers so as to ensure that the subject shore excursion was reasonably safe for cruise passengers and the Plaintiff; and/or

    c.   Failure to properly supervise and oversee the excursion marketed, advertised, offered and sold to its guests; and/or

    d.   Failure to regularly and adequately inspect and/or maintain the ATVs used for the subject shore excursion; and/or

    e.   Failure to adequately inspect and/or monitor the subject shore excursion so as to ensure that the ATVs used for the subject shore excursion were regularly and adequately inspected and/or maintained; and/or

    f.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that the ATVs used for the subject shore excursion were regularly and adequately inspected and/or maintained; and/or

    g.   Failure to adequately inspect and/or monitor the policies and procedures of the Excursion Entities to ensure that the ATVs used for the subject shore excursion were regularly and adequately inspected and/or maintained; and/or

h. Failure to adequately inspect and/or monitor the subject shore excursion so as to ensure that the ATVs used for the subject shore excursion were reasonably safe for Plaintiff and cruise passengers; and/or

i. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the ATVs used for the subject shore excursion were reasonably safe for Plaintiff and cruise passengers; and/or

j. Failure to adequately inspect and/or monitor the policies and procedures of the Excursion Entities to ensure that the ATVs used for the subject shore excursion were reasonably safe for Plaintiff and cruise passengers; and/or

k. Failure to adequately warn the Plaintiff and other cruise ship passengers that Carnival does not inspect and/or maintain the ATVs used for the subject shore excursion; and/or

l. Failure to adequately warn the Plaintiff and other cruise ship passengers that Carnival does not verify that the ATVs used for the subject shore excursion were reasonably safe, inspected, and/or maintained; and/or

m. Failure to adequately warn the Plaintiff of the dangers involved with the subject ATV during the subject shore excursion; and/or

n. Failure to adequately warn the Plaintiff of the dangers of participating in the subject shore excursion; and/or

o. Failure to adequately instruct passengers (including the Plaintiff) on how to operate ATVs; and/or

p. Failure to require the Excursion Entities to adequately instruct passengers (including the Plaintiff) on how to operate ATVs; and/or

q.   Failure to provide competent tour guides for the subject excursion, based on the lack of and/or inadequate safety/practice lesson given to the Plaintiff and/or cruise passengers prior to the subject incident; and/or

r.   Failure to provide adequate assistance to passengers (including the Plaintiff) while participating in the subject shore excursion; and/or

s.   Failure to require the Excursion Entities to provide adequate assistance to passengers (including the Plaintiff) while participating in the subject shore excursion; and/or

t.   Failure to adequately supervise passengers participating in the subject shore excursion; and/or

u.   Failure to require the Excursion Entities to adequately supervise passengers participating in the subject shore excursion; and/or

v.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers participating in the subject shore excursion are adequately and/or properly instructed, assisted and/or supervised by the Excursion Entities; and/or

w.   Failure to adequately inspect and/or monitor the policies and procedures of the Excursion Entities to ensure that the passengers participating in the subject shore excursion are adequately and/or properly instructed, assisted and/or supervised by the Excursion Entities; and/or

x.   Having a shore excursion that was not competently operated; and/or

y.   Negligently selecting and/or retaining the Excursion Entities to operate the subject excursion despite their incompetence and/or unfitness.

40. All or some of the above acts and/or omissions by the Excursion Entities and/or their agents, servants, and/or employees, caused and/or contributed to the Plaintiff being severely injured while participating in the subject shore excursion.

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

41. The Excursion Entities knew of the foregoing conditions causing the subject accident and did not correct them, or the conditions existed for a sufficient length of time so that the Excursion Entities, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  Specifically, the Excursion Entities' inspections of the excursion and/or the ATVs should have revealed the hazards that the excursion and/or the subject ATV posed to cruise passengers like the Plaintiff.  Further, the Plaintiff anticipates that discovery will reveal that, prior to the Plaintiff's incident, other cruise ship passengers were also injured participating in the same shore excursion.

42. As a result of the negligence of the Excursion Entities, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

### COUNT III – NEGLIGENCE AGAINST DEFENDANTS
### BASED ON APPARENT AGENCY OR AGENCY BY ESTOPPEL

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-nine (29) as though alleged originally herein.

43. At all times material hereto, the Excursion Entities were the apparent agent(s) of Carnival.

44. At all times material hereto, Carnival is estopped to deny that the Excursion Entities were their agent(s) or employee(s).

45. At all times material hereto, Carnival made manifestations which caused the Plaintiff to believe that the Excursion Entities had authority to act for the benefit of Carnival. These manifestations included:

a.   Carnival allowed its name to be utilized in connection with the advertising of the Excursion Entities; and/or

b.   Carnival made all arrangements for the subject shore excursion without effectively disclosing to the Plaintiff that the subject shore excursion was being run by another entity (and/or entities); and/or

c.   Carnival marketed the subject shore excursion using its company logo on its website and/or in its brochures and/or on its ship without effectively disclosing to the Plaintiff that the subject shore excursion was being run by another entity (and/or entities); and/or

d.   Carnival maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject shore excursion without effectively disclosing to the Plaintiff that the subject shore excursion was being run by another entity (and/or entities); and/or

e.   Until the point that Plaintiff actually participated in the subject shore excursion, the Plaintiff's exclusive contacts concerning the subject shore excursion was with Carnival; and/or

f.   Carnival recommended to Plaintiff to not engage in excursions, tours or activities that are not sold through Carnival as Carnival has no familiarity with other tours or their operations; and/or

g.   The fee for the excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by Carnival; and/or

h.   Plaintiff received the receipt for the purchase of the subject shore excursion exclusively from Carnival.

46. Plaintiff reasonably relied on the above, to his detriment, so as to believe that the Excursion Entities were the employee(s) and/or agent(s) of Carnival in choosing the subject shore excursion.

47. It was reasonable to believe that the Excursion Entities were Carnival's employee(s) and/or agent(s) because the Plaintiff booked, paid for and made all necessary arrangements for the subject shore excursion with Carnival. Carnival's actions caused Plaintiff to believe that the Excursion Entities had authority to act on Carnival's behalf. At no time did the Excursion Entities represent to the ship's passengers or the Plaintiff in particular in a meaningful way that the Excursion Entities were not agents or employees of Carnival.

48. Plaintiff's reasonable reliance was detrimental because Plaintiff would not have booked, paid for and/or participated in the subject shore excursion or incur any injuries had the Plaintiff known that the subject shore excursion was not operated by Carnival.

49. The foregoing acts of negligence of Carnival and/or the Excursion Entities were a direct and proximate cause of the Plaintiff's injuries and damages.

50. As a result of the negligence of the Defendants, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff

will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

### COUNT IV – NEGLIGENCE AGAINST DEFENDANTS BASED ON
### JOINT VENTURE BETWEEN CARNIVAL AND THE EXCURSION ENTITIES

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-nine (29) as though alleged originally herein.

51. At all times material hereto, Carnival and the Excursion Entities engaged in a joint venture to provide excursions to passengers aboard Carnival's ship(s).

52. At all times material hereto, Carnival and the Excursion Entities entered into an agreement where Carnival would sell the subject shore excursion to its passengers and the Excursion Entities would operate the subject shore excursion.

53. As its part of the joint venture, Carnival arranged for, sponsored, recommended, marketed, operated, marketed, sold and/or collected money for the subject shore excursion and the money was then shared between Carnival and the Excursion Entities. As its part of the joint venture, the Excursion Entities provided labor and/or operated the subject shore excursion.

54. Carnival, on behalf of the joint venture, charged a fee to passengers who utilized the excursions.  The fee was split between Carnival and the Excursion Entities.

55. At all times material hereto, Carnival and the Excursion Entities had joint and/or shared control over aspects of the joint venture.  The Excursion Entities had control over the day-to-day workings of the excursions. Carnival also had control over the day-to-day workings of the excursions in that they required the Excursion Entities to exercise reasonable care in the operation

of the subject shore excursion. Carnival had control over the arrangements, marketing and sales of the excursion.

56. At all times material hereto, Carnival and the Excursion Entities shared a common purpose: to operate the subject shore excursion for a profit.

57. At all times material hereto, Carnival and the Excursion Entities had a joint proprietary and/or ownership interest in the subject shore excursion. Carnival had an interest in arranging, sponsoring, recommending, advertising, operating, and selling the subject shore excursion as well as collecting money for such excursion, and the Excursion Entities had a proprietary interest in the time and labor expended in operating the subject shore excursion.

58. At all times material hereto, Carnival and the Excursion Entities shared any losses sustained from the joint venture.

59. Carnival and the Excursion Entities are jointly and severally responsible for each other's negligence as partners of the partnership and/or joint venture.

60. At all times material hereto, Carnival and the Excursion Entities therefore:

    a.  Had an intention to create a joint venture;

    b.  Had a joint proprietary interest in the subject matter of the venture;

    c.  Had mutual control and/or joint control over the subject matter of the venture with respect to the provision of excursions to passengers aboard the ship;

    d.  Had a right to share in the profits of the joint venture; and

    e.  Would share losses which may have been sustained.

61. As joint venturers, Carnival and the Excursion Entities are liable for each other's negligence.  As a result, Carnival is liable for the negligent conduct of the Excursion Entities.

62. As a result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT V – THIRD-PARTY BENEFICIARY

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-nine (29) as though alleged originally herein.

63. Carnival and the Excursion Entities entered into a contract to provide excursions for passengers on board Carnival's ship(s).

64. The contract between the parties clearly manifested the intent of the contracting parties that the contract primarily and directly benefit the third-party Plaintiff by requiring the Excursion Entities to maintain insurance and/or exercise reasonable care in the operation of the subject shore excursion.

65. This contract was breached by Carnival and the Excursion Entities for acts and/or omissions that include, but are not limited to, the following:

   a.   Failure to provide a safe excursion; and/or

b.   Failure to adequately inspect and/or monitor excursion providers so as to ensure that the subject shore excursion was reasonably safe for cruise passengers and the Plaintiff; and/or

c.   Failure to properly supervise and oversee the excursion marketed, advertised, offered and sold to its guests; and/or

d.   Failure to regularly and adequately inspect and/or maintain the ATVs used for the subject shore excursion; and/or

e.   Failure to adequately inspect and/or monitor the subject shore excursion so as to ensure that the ATVs used for the subject shore excursion were regularly and adequately inspected and/or maintained; and/or

f.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that the ATVs used for the subject shore excursion were regularly and adequately inspected and/or maintained; and/or

g.   Failure to adequately inspect and/or monitor the policies and procedures of the Excursion Entities to ensure that the ATVs used for the subject shore excursion were regularly and adequately inspected and/or maintained; and/or

h.   Failure to adequately inspect and/or monitor the subject shore excursion so as to ensure that the ATVs used for the subject shore excursion were reasonably safe for Plaintiff and cruise passengers; and/or

i.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that the ATVs used for the subject shore excursion were reasonably safe for Plaintiff and cruise passengers; and/or

j. Failure to adequately inspect and/or monitor the policies and procedures of the Excursion Entities to ensure that the ATVs used for the subject shore excursion were reasonably safe for Plaintiff and cruise passengers; and/or

k. Failure to adequately warn the Plaintiff and other cruise ship passengers that Carnival does not inspect and/or maintain the ATVs used for the subject shore excursion; and/or

l. Failure to adequately warn the Plaintiff and other cruise ship passengers that Carnival does not verify that the ATVs used for the subject shore excursion were reasonably safe, inspected, and/or maintained; and/or

m. Failure to adequately warn the Plaintiff of the dangers involved with the subject ATV during the subject shore excursion; and/or

n. Failure to adequately warn the Plaintiff of the dangers of participating in the subject shore excursion; and/or

o. Failure to adequately instruct passengers (including the Plaintiff) on how to operate ATVs; and/or

p. Failure to require the Excursion Entities to adequately instruct passengers (including the Plaintiff) on how to operate ATVs; and/or

q. Failure to provide competent tour guides for the subject excursion, based on the lack of and/or inadequate safety/practice lesson given to the Plaintiff and/or cruise passengers prior to the subject incident; and/or

r. Failure to provide adequate assistance to passengers (including the Plaintiff) while participating in the subject shore excursion; and/or

s. Failure to require the Excursion Entities to provide adequate assistance to passengers (including the Plaintiff) while participating in the subject shore excursion; and/or

t.   Failure to adequately supervise passengers participating in the subject shore excursion; and/or

u.   Failure to require the Excursion Entities to adequately supervise passengers participating in the subject shore excursion; and/or

v.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers participating in the subject shore excursion are adequately and/or properly instructed, assisted and/or supervised by the Excursion Entities; and/or

w.   Failure to adequately inspect and/or monitor the policies and procedures of the Excursion Entities to ensure that the passengers participating in the subject shore excursion are adequately and/or properly instructed, assisted and/or supervised by the Excursion Entities; and/or

x.   Having a shore excursion that was not competently operated; and/or

y.   Negligently selecting and/or retaining the Excursion Entities to operate the subject excursion despite their incompetence and/or unfitness.

66. All or some of the above acts and/or omissions by Defendants and/or their agents, servants, and/or employees, caused and/or contributed to the Plaintiff being severely injured while participating in the subject shore excursion.

67. As a result of the negligence of the Defendants, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

      **WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Jason R. Margulies*
     **JASON R. MARGULIES**
     Florida Bar No. 57916
     jmargulies@lipcon.com
     **JACQUELINE GARCELL**
     Florida Bar No. 104358
     jgarcell@lipcon.com