UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-CV-24115-MOORE

TIMOTHY THOMPSON,

*Plaintiff*,
v.

CARNIVAL CORPORATION; DELISLE WALWYN
& CO. LTD.; VACATION AND TOUR CONSULTANTS
(ST. KITTS) LTD. d/b/a KANTOURS a/k/a KANTOURS
DESTINATION SERVICES; and XYZ CORPORATION(S),

*Defendants*.
_____/

**DEFENDANTS, DELISLE WALWYN'S AND KANTOUR'S JOINT REPLY TO PLAINTIFF'S RESPONSE TO JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## I. Preliminary Statement

Plaintiff's "Preliminary Response" does not respond to Defendant's Motion. Not only does Plaintiff concede he has no evidence to contest Defendant's sworn Declaration, he ignores every single argument Defendants presented and legal authority cited. The latter failing is particularly problematic given the number of on-point decisions addressing jurisdictional challenges by shore excursion operators in contractual relationships with Florida-based cruise lines. With the exception of the pre-*Daimler*/pre-*Carmouche* decision in *Meyer v. Carnival*, which this Court criticized for failing to follow binding precedent, Plaintiff ignores every single decision Defendants cited, including the recent Eleventh Circuit's, post-*Daimler* decision in *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201 (11th Cir. Jun. 15, 2015). The legal contentions Plaintiff makes are clearly not warranted by existing law.

Concerning Plaintiff's motion for leave to conduct jurisdictional discovery, given the absence of a genuine dispute of material jurisdictional facts, Plaintiff's argument that the Court should allow jurisdictional discovery, which is a *qualified* right, should be rejected. *See Yepez v. Regent Seven Seas Cruises*, 2011 WL 3439943 (S.D. Fla. 2011) (King, J.) (rejecting a similar request for jurisdictional discovery for same reasons OCT identifies here). Plaintiff has not identified any material jurisdictional allegations in dispute to justify his request to embark in an unwarranted fishing expedition.

## II. Memorandum of Law

### A. Plaintiff failed to rebut the legal authorities and arguments in Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. Defendants' Motion should be granted on this basis alone.

Plaintiff proffers no rebuttal to Defendants' Motion to Dismiss. He does not validly controvert that his Complaint fails to plead the minimum criteria to support personal jurisdiction over Defendants. Similarly, he does not challenge Defendants' Declaration, nor does he challenge that Defendants come nowhere close to meeting the stringent "at home" test[1] recently expanded by U.S. Supreme Court in *Daimler AG v. Bauman*, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014). *See Best Odds Corp. v. iBus Media Ltd.,* No. 2:13–CV–2008, 2014 WL 2527145, at *1 (D. Nev. June 4, 2014) ("The Supreme Court recently clarified that the reach of general jurisdiction is narrower than had been supposed in the lower courts for many years").

In fact, Plaintiff does not even acknowledge *Daimler*, the "at home test," or the other decisions Defendants cited that unequivocally support dismissal, including *Carmouche v. Tamborlee; Fraser v. Smith*; *Island Sea-Faris, Ltd. v. Haughey; E & H Cruises, Ltd. v. Baker, Aronson v. Royal Caribbean, et.al, Wolf v. Celebrity, et. al*. As Defendants argued in their Motion, these authorities establish that even accepting, not just the allegations in the Complaint, but the facts that Plaintiffs claim discovery will reveal, Plaintiffs still come nowhere close to establishing jurisdiction.

**B. The consent to jurisdiction clause in Kantour's contract with Carnival cannot confer jurisdiction.**

Plaintiff is not a party to the shore excursion contract between Kantours and Carnival (Delisle Walwyn was not part of the contract) and cannot enforce the conferral of jurisdiction clause. The Eleventh Circuit in *Carmouche* found accordingly after examining identical contractual language that the tour operator there had with Carnival. *See Carmouche*, 789 F.3d at 1341. For this proposition, *Carmouche* cited *Lapidus v. NCL America LLC*, No. 12-21183-CIV, 2013 WL 646185, *5 (S.D. Fla. Feb. 14, 2013) (finding excursion entities' contractual agreement to subject themselves to law and jurisdiction of state of Florida insufficient basis to confer personal jurisdiction: "Plaintiff has neither pled that he is a party to the contract nor has he sufficiently alleged his third party beneficiary claim. Further, Plaintiffs negligence claim bears no relationship to the contract in which the Excursion Entities agreed to subject themselves to this Court's jurisdiction"); *accord E & H Cruises,* 88 So. 3d at 294. Although Plaintiff here alleges he was a third party beneficiary to the subject agreement, Defendant's Declaration and the applicable law soundly negate that claim. *See* Defendants' Declaration at D.E. 24-1 and Carnival's Motion to Dismiss at D.E. 19.

Moreover, the Florida Supreme Court has held that clauses conferring personal jurisdiction cannot establish *in personam* jurisdiction absent an independent basis for jurisdiction under the long-arm statute. *McRae v. JD./MD., Inc.*, 511 So. 2d 540, 542-43 (Fla. 1987)); *See also Aronson v. Celebrity Cruises, Inc.*, where the same attorneys for the Plaintiffs' here unsuccessfully argued for its application:

> Plaintiff also notes that [the tour operator] agreed to confer personal jurisdiction in Florida in its contracts with Florida cruise lines [D.E. 71 at 15–18]. However, a clause conferring personal jurisdiction may not be enforced **unless independent**

---

[1] Plaintiff does not allege specific jurisdiction exists under Fla. Sta. 48.193(1).

> **grounds for personal jurisdiction exist** under Florida's long-arm statute. *Alexander Proudfoot Co. World Headquarters v. Thayer*, 877 F.2d 912, 918 (11th Cir. 1989), (citing *McRae v. J.D./M.D., Inc.,* 511 So.2d 540, 542 (Fla.1987)). **The existence of a clause conferring personal jurisdiction is not a factor** when considering a defendant's contacts with a forum state for purposes of determining whether general personal jurisdiction exists. See *Rexam Airspray, Inc. v. Arminak,* 471 F.Supp.2d 1292, 1299 (S.D.Fla.2007) (examining only a defendant's contacts with the forum state where defendant's contract with the Florida-based plaintiff included a forum selection clause).

*Aronson v. Celebrity Cruises, Inc.*, 2014 WL 3408582, *15, fn 3  (S.D. Fla. May 9, 2014) (Williams, J) (emphasis added).

Accordingly, the forum selection provision in the Tour Operator Agreement between Kantours and Carnival does not establish personal jurisdiction over Kantours or Delisle Walwyn, even if the latter had been a signatory.

### C. The record soundly negates an agency relationship between Defendants and Carnival. Yet even assuming the contrary, jurisdiction is still lacking

#### 1. No Actual Agency with Carnival

Plaintiffs matter-of-factly proclaim Defendants and Carnival had an agency relationship. However, they cite no evidence or meritorious argument in support, for they cannot. Instead, Plaintiff alleges the following acts by Carnival established said relationship: that it made Plaintiff's arrangements for the excursion; marketed the excursion using Carnival's logo on its website and brochures; collected fee for the excursion; and processed payments to Defendants from Florida. *See* Pl's Resp., D.E. 31 at p. 9. Plaintiff cites no legal authority establishing that these allegations, if accepted, would establish an agency relationship. This is probably because the many courts that previously considered this argument, including those that Defendants cited in their Motion, concluded the opposite. *See e.g*. *Zapata v. Royal Caribbean Cruises, Ltd.*, 2013 WL 1100028 (S.D. Fla. Mar. 15, 2013) (Cooke, J); *Aronson v. Celebrity Cruises, Inc.*, 2014 WL 3408582 (S.D. Fla. May 9, 2014) (Williams, J); *E & H Cruises, Ltd. v. Baker*, 88 So. 3d 291 (Fla. 3d DCA 2012); *Island Sea–Faris, Ltd. v. Haughey,* 13 So.3d 1076, 1076 (Fla. 3rd DCA 2008), *et. al*.

Indeed, "an actual agency relationship requires an acknowledgement by the principal that the agent will act for it, the agent's acceptance of the undertaking, and control over the agent's actions by the principal." *Gayou v. Celebrity Cruises, Inc.*, 11-23359-CIV, 2012 WL 2049431

(S.D. Fla. June 5, 2012) (Scola, J). Here, the record establishes that the relationship between Kantours[2] and Carnival (just like every single tour operator who has challenged jurisdiction in Florida for more than a decade) has always been that of independent contractor. *See e.g*. Defendants' Declaration, D.E. 24-1, at ¶¶9, 15, 29, & 30. Co-Defendant, Delisle Walwyn does not contract with cruise lines to provide shore excursions services and has never maintained an agency relationship with Carnival. *Id*. at ¶¶5 & 29.

In *Gayou*, this Honorable Court dismissed the actual agency claim in Gayou's complaint after finding that the tour operator agreement between the tour operator and cruise line specifically negated this relationship. *Id* at *10. *See also Zapata v. Royal Caribbean Cruises, Ltd.*, 2013 WL 1296298, *6 (S.D. Fla. Mar. 27, 2013) (Cooke, J) (citing *Gayou* to support dismissal *with prejudice* of the claim that the cruise line and tour operator were in a joint venture, after similarly examining the tour operator agreement and determining it negated said relationship). The Tour Operator Agreements this Court considered in *Gayou* and *Zapata* contain similar terms and conditions as the tour operator agreement in effect at the time of the alleged incident. *See* Defendants' Joint Motion, D.E. 24 at Ex A.

### 2. Even if the evidence had not conclusively negated the allegations of agency, the exercise of jurisdiction would still be improper.

Plaintiffs argue that because of the alleged agency relationship, Carnival's contacts with Florida can be inputted to Defendants. In support they rely on *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino* and *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.* At the outset, Plaintiff misconstrue these decisions, incidentally, in the same manner as the plaintiff in *Lapidus v. NCL America*, a case where the tour operator, unlike Defendants, was a subsidiary of the subject cruise line. In rejecting the same allegations Plaintiff in this case asserts, the *Lapidus* court noted.

> Plaintiff's assertion that the Excursion Entities' role as NCL's subsidiary establishes jurisdiction over the Excursion Entities misinterprets *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino,* 447 F.3d 1357 (11th Cir.2006) and *Meir v. Sun Int' l Hotels, Ltd.,* 288 F.3d 1264 (11th Cir.2002). In those cases, the Eleventh Circuit held that a Florida subsidiary acting merely as an agent of a non-resident parent company can subject the non-resident parent company to the Court's jurisdiction based on the subsidiary's contacts with Florida. By contrast here, Plaintiff seeks to subject the non-resident subsidiary

---

[2] Delisle was not part of the Agreement and did not own or operate the subject excursion. In addition to being sued in the wrong forum, they are also an improper party.

[Excursion Entities] to jurisdiction based on the parent company's [NCL] contacts with Florida.

*Lapidus v. NCL Am. LLC*, 12-21183-CIV, 2013 WL 646185 (S.D. Fla. Feb. 14, 2013) (Seitz, J) (footnote omitted)

Even assuming that Plaintiff had applied the correct analysis, he ignores that *Meier* and *Stubbs* have been placed in doubt by *Daimler* and rejected by other courts for this reason. In *Aronson*, for example, the court noted that Justice Sotomayor identified these as decisions the viability of which *Daimler* placed in doubt. Id at *7, citing *Daimler* 134 S. Ct. at 773 ("with *Meier* and its progeny [e.g. Stubbs] in doubt, the court is not inclined to confer general jurisdiction over [the tour operator], particularly where, as here, [the tour operator's] contacts with Florida are more attenuated than the contacts deemed inadequate in *Daimler*.") The *Aronson's* court discussion of *Meier* and *Stubbs* came in the context of rejecting the approach in *Meyer v. Carnival Corp.,* 938 F.Supp.2d 1251 (S.D.Fla.2013) (Zloch, J), where the court found personal jurisdiction by, *inter alia*, attributing the cruise line's activities in Florida to the foreign shore excursion company (i.e. the approach Plaintiffs in the present appears to suggest this Court should adopt) in the same manner than *Meier* attributed the conduct of Florida-based subsidiaries to their foreign parent corporations. Id at *15, n. 4. The *Aronson* court, however, noted that even before *Daimler*, courts in the Eleventh Circuit and Southern District, including *Frazier* and *Lapidus,* declined to extend the rationale in *Meier*. Id.  See also Carmouche v. Carnival Corp., 36 F. Supp. 3d 1335, 1342 (S.D. Fla. 2014) *aff'd sub nom. Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201 (11th Cir. 2015) ( . . ."the [Meyer] court seemingly did not consider *Fraser*, *Island Sea-Faris*, or *E&H* in its reasoning.")

### D. Plaintiff's request for jurisdictional discovery and stay should be denied and stricken because it is procedurally deficient, and Plaintiff nonetheless fails to establish any entitlement to qualified right to jurisdictional discovery.

Plaintiff's request for jurisdictional discovery and stay should be denied on three grounds:  (1) it is procedurally improper and should be stricken; (2) it fails to establish any entitlement to jurisdictional discovery; and (3) the jurisdictional facts are not in genuine dispute, particularly since Plaintiff failed to counter the factual allegations in Defendants' Declaration with any evidence.

The failure of a plaintiff to investigate jurisdictional issues before suing does not give rise to a jurisdictional dispute. Any party suing in federal court is obliged, under Rules 8(a) and 11 of the Federal Rules of Procedure, to set forth facts to support its allegation that the lawsuit belongs in federal court. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007).[3] Jurisdictional discovery should never be an end-run around dismissal if a plaintiff fails to allege facts regarding a material jurisdictional element. *See id.* Rather, jurisdictional discovery is only proper "to verify allegations of specific facts" already alleged in the complaint. *See Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) (citation and quotation marks omitted).

*See also Yepez v. Regent Seven Seas Cruises*, No. 10–23920–CIV, 2011 WL 3439943, *1 (S.D. Fla. Aug. 5, 2011) (noting that "[t]he failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute" and "[b]ecause the typical plaintiff is expected to be able to allege these facts in good faith without the benefit of discovery, the Court finds no reason to delay the instant litigation by permitting jurisdictional discovery"); *United States v. Swiss Am. Bank, Ltd.,* 274 F.3d 610, 626 (1st Cir. 2001) (holding that "in addition to presenting a colorable claim," a plaintiff seeking jurisdictional discovery has an "obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted"); *see generally Zapata v. Royal Caribbean Cruises, Ltd.,* No. 12–21897–Civ., 2013 WL 1100028, *2 (S.D. Fla. Mar. 15, 2013) (granting the shore excursion entity's motion to dismiss and finding that even had jurisdictional discovery been considered, the plaintiff would not have been able to support a showing of personal jurisdiction); *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1290 (S.D. Fla. 2014) (Cooke, J) (denying similar request finding that "there [wa]s no genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery."); *Boschetto v. Hansing,* 539 F.3d 1011, 1020 (9th Cir.2008) (upholding the denial of jurisdictional discovery where the plaintiff's motion was "based on little more than a hunch that it might yield jurisdictionally relevant facts");

Here, Plaintiff does not contest the Defendants' sworn declaration and even concedes he "cannot meaningfully respond to the factual assertions" in contains. *See* Pls' Resp., D.E. 31 at p.11. Rather, Plaintiff argues he needs discovery in order to "inquire into the veracity of the

---

[3] *Lowery* concerned subject matter jurisdiction in diversity cases. But the reasoning employed by the Court is equally applicable to personal jurisdiction issues. Questions of federal

statements made in [Defendant's] affidavit. Id at p. 10. This request is unquestionably negated by the above cited legal authorities. Incidentally, this is the same argument the plaintiff made and this Court rejected in *Zapata v. Royal Caribbean Cruises, Ltd.,* another case involving a foreign shore excursion operator (*pre-Daimler*) that successfully challenged personal jurisdiction.

In *Zapata v. Royal Caribbean*, where the plaintiff was represented by the same law firm that represents Plaintiff here, this Court noted that "Plaintiff did not introduce any affidavit or other evidence in support of his jurisdictional allegations but instead argued that he cannot respond to, or test the veracity of, [shore excursion operator's] Affidavit without the benefit of jurisdictional discovery." *Zapata,* 2013 WL 1100028, at *2. The Court further noted that the plaintiff "merely relie[d] on his formulaic allegations in the Complaint, most of which merely track the language of the Florida long-arm statute." *Id.* at *4.  The jurisdiction allegations in Zapata's Complaint are nearly identical to the allegations in Plaintiff's Complaint here.  In rejected the request for jurisdictional discovery, this Court ruled:

> Plaintiff's various theories to support jurisdiction, which include either substantial activity in Florida or a possible agency, joint venture, or contract between the Defendants rest on one single factual allegation: the excursion was advertised and sold by RCCL. Am. Comp. 3–7. However, even construing the allegations in the Amended Complaint in the light most favorable to Plaintiff and assuming that the benefit of jurisdictional discovery would allow Plaintiff to introduce evidence that RCCL advertised and sold tickets for the Hartley excursion on its website and aboard the Explorer of the Seas, processed the purchases in Florida, collected the money from its passengers, retained a profit as part of joint venture or agency relationship, paid Hartley, and contracted with Hartley to purchase insurance covering persons, property or risks in Florida, those contacts would still not be sufficient to bring Hartley within the reach of the long-arm statute. *See Island Sea–Faris, Ltd. v. Haughey,* 13 So.3d 1076, 1076 (Fla.Dist.Ct.App.2008).
>
> In this case, Hartley has presented evidence that it has no contacts with Florida. I am not persuaded that additional discovery beyond the Affidavit submitted by Mr. Hartley will illuminate any facts tending to further prove or disprove that the lack of personal jurisdiction over Hartley.

*Id* at *4-5.

Moreover, rather than file a separate motion seeking leave to serve jurisdictional discovery, Plaintiff improperly seeks affirmative relief by embedding said request in his opposition to the

---

diversity jurisdiction raises many of the same types of factual issues relating to citizenship as questions of personal jurisdiction.

Motion to Dismiss. This is procedurally improper. *See Zamora Radio, LLC v. Last.fm LTD*, No. 09–20940–CIV., 2011 WL 2580401, *12 (S.D. Fla. June 28, 2011) (holding that the "request for jurisdictional discovery as an alternative basis for denying [the defendant's] Motion to Dismiss is procedurally defective."); *see also United Technologies Corp.*, 556 F.3d at 1280 (denying jurisdictional discovery where the party seeking discovery "never formally moved the district court for jurisdictional discovery, but, instead, buried such requests in its briefs as a proposed alternative to dismissing [Defendant] on the state of the current record").

### III. Conclusion

For the reasons stated above, Defendants respectfully submits their Motion to Dismiss for Lack of Personal Jurisdiction should be granted and Plaintiff's request for jurisdictional discovery denied. The Court's jurisdiction is not genuinely in dispute. Even accepting every single allegation Plaintiff proffers, Defendants still does not come close to meeting the stringent "at home" test established by the Supreme Court.

Dated: January 7, 2016

Respectfully submitted,

*/s/Carlos J. Chardon*
Jerry D. Hamilton
Florida Bar No. 970700
Carlos J. Chardon
Florida Bar No. 517631
Samantha S. Loveland
Florida Bar No. 92846
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:   (305) 379-3686
Facsimile:   (305) 379-3690
*Attorneys for Defendants, Delisle Walwyn & CO. LTD.; Vacation and Tour Consultants (St. Kitts) LTD. d/b/a Kantours a/k/a Kantours Destination Services*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 11, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Carlos J. Chardon*
Carlos J. Chardon

## SERVICE LIST

| | |
|---|---|
| Jason Margulies, Esq.<br>Jacqueline Garcell, Esq.<br>Lipcon, Margulies, Alsina<br>& Winkleman, P.A.<br>One Biscayne Tower - Suite 1776<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: 305-373-3016<br>E-mail: jmargulies@lipcon.com<br>E-mail: jgarcell@lipcon.com<br>*Attorneys for Plaintiffs* | Jerry D. Hamilton, Esq.<br>Florida Bar No. 970700<br>Email:jhamilton@hamiltonmillerlaw.com<br>Carlos J. Chardon, Esq.<br>Florida Bar No. 517631<br>Email:cchardon@hamiltonmillerlaw.com<br>Samantha S. Loveland, Esq.<br>Florida Bar No. 92846<br>Email:sloveland@hamiltonmillerlaw.com<br>Hamilton, Miller & Birthisel, LLP<br>150 Southeast Second Avenue<br>Suite 1200<br>Miami, Florida 33131<br>Telephone: 305-379-3686<br>Facsimile: 305-379-3690<br>*Attorneys for Defendants, Delisle Walwyn*<br>*& CO. LTD.; Vacation and Tour Consultants*<br>*(St. Kitts) LTD. d/b/a Kantours a/k/a Kantours*<br>*Destination Services* |
| | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>Andrew D. Craven, Esq.<br>acraven@fflegal.com<br>Lisandra Guerrero, Esq.<br>lguerrero@fflegal.com<br>Foreman Friedman, PA<br>One Biscayne Tower, Suite 2300<br>2 South Biscayne Boulevard |

|  | Miami, FL 33131<br>Phone: 305-358-6555<br>Fax: 305-374-9077<br>*Attorneys for Defendant, Carnival Corporation* |
|---|---|