UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-cv-24115-MOORE/McAliley

TIMOTHY THOMPSON,

    *Plaintiff*,

vs.

CARNIVAL CORPORATION; DELISLE WALWYN
& CO. LTD.; VACATION AND TOUR CONSULTANTS
(ST. KITTS) LTD. d/b/a KANTOURS a/k/a KANTOURS
DESTINATION SERVICES; and XYZ CORPORATION(S),

    *Defendants*.

_____/

**REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO CARNIVAL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW**

    Defendant, Carnival Corporation ("Carnival") hereby replies to Plaintiff's Response in Opposition to Carnival's Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law, [D.E. 28], and states as follows:

**I.    COUNT I FOR NEGLIGENCE MUST BE DISMISSED**

    **a.  Plaintiff misrepresents the standard of care applicable to cruise passengers off the vessel**

    In Response to Carnival's Motion to Dismiss the negligence claim contained in Count I of the Complaint, Plaintiff alleges an improper standard of care and cites to the maritime case of *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959). According to Plaintiff, the Supreme Court in *Kermarec* established that the standard of care a shipowner owes its passengers is "reasonable care under the circumstances." However, the Plaintiff has misread *Kermarec* and has failed to apprise the Court of the complete holding in that case. The Court in *Kermerac* actually stated, "We hold that the owner of a ship in navigable water owes to all **who are on board** for purposes not inimical to his legitimate interests the duty of exercising reasonable care under the circumstance of each case." *Id.* at 410 (emphasis added). When a

passenger is not actually on board the ship, a different, narrower standard of care applies, which is explained in *Rawlins v. Clipper Cruise Line*, 1998 AMC 1260 (E.D. Mo. 1996). In *Rawlins*, a cruise passenger was injured while she was on a whale watching excursion off the Defendant's vessel, onboard a boat that was not owned or operated by the Defendant cruise company. The Plaintiff in Rawlins sought to apply the *Kermarec* standard of care, and the court ruled that that standard was not applicable:

> For either of at least two reasons, this principle does not support Clipper's liability to plaintiff. The spatial component expressed in the Supreme Court's reference to those "who are on board" renders the principle unavailing to support plaintiff's attempt to impose a duty with respect to conditions not on board Clipper's vessel. Furthermore, the Court would as a matter of law conclude that the limitation of care that is "reasonable…under the circumstances" does not include within its scope the duty to which the plaintiff seeks to hold Clipper.

*Id.* at 1261-62. The one duty owed to a plaintiff in these circumstances is "a duty to warn her of any unreasonable risk of harm in or about the [excursion], i.e. a dangerous condition known to [Defendant] and unknown to the passenger." *Id.* at 1262, *quoting Tradewind Transportation Company v. Taylor*, 267 F.2d 185, 188 (9th Cir. 1959). Courts in this jurisdiction have similarly found the duty of care owed by a shipowner to its passengers off of the vessel is limited to a duty to warn. *See Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 1379 (S.D. Fla. 2014) (holding that where cruise ship passengers are invitees or expected visitors at offshore locations, a ship operator's duty is limited to the duty to warn); *citing to, Chaparro v. Carnival Corp.*, 693 F. 3d 1333 (11th Cir. Fla. 2012).

The facts of the present matter are similar to Rawlins. It is undisputed that the Plaintiff was injured off of Carnival's cruise ship while on an excursion. By alleging that Carnival "breached its duty to provide Plaintiff with reasonable or ordinary care under the circumstances," [D.E. 1, ¶ 31], the Plaintiff has alleged the incorrect standard of care. As a practical matter, the expanded duty of care Plaintiff urges the Court to apply would require a shipowner to protect its passengers in every possible situation taking place off the cruise ship and beyond Carnival's control. Such a duty is neither logical, nor is it supported by the law, and "permitting Plaintiff to proceed on her claims…would impermissibly expand Carnival's duties to its passengers and render it an insurer of its passengers' safety." *Joseph v. Carnival Corp.*, 2011 U.S. Dist. LEXIS 80238, *8 (S.D. Fla. July 22, 2011); *Koens v. Royal Caribbean Cruises, Ltd.*, 2011 U.S. Dist. LEXIS 38566 (S.D. Fla. Mar. 25, 2011). Accordingly, the Plaintiff has failed to state a claim for

negligence upon which relief can be granted, and the Plaintiff's Complaint should be dismissed, or alternatively, any allegation of a duty, other than a duty to warn, should be stricken with prejudice.

### b.  Plaintiff's conclusory failure to warn allegations fail to state a claim upon which relief can be granted.

In its Motion [D.E. 19], Carnival argued that Plaintiff had failed to allege sufficient facts regarding Carnival's alleged notice of a risk-creating condition to satisfy the pleading requirements of *Iqbal* and *Twombly*.  In his Response, Plaintiff contends that he provides sufficient factual matter to support Carnival's actual and/or constructive knowledge because the Complaint alleges "in approving the subject excursion, Carnival's inspections should have revealed the hazards that the excursion posed to cruise passengers like the Plaintiff.  Further, the Plaintiff anticipates that discovery will reveal that, prior to the Plaintiff's incident, other cruise ship passengers were also injured participating in the same shore excursion." [D.E. 28, ¶34].

Plaintiff's arguments fail for a number of reasons.  As a preliminary matter, maritime law does not require a shipowner to inspect the operations of shore excursion provider.  *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308 (S.D. Fla. 2011); *see, also, Wolf v. Celebrity Cruises, Inc.*, 101 F. Supp. 3d 1298 (S.D. Fla. 2011).  Therefore, Plaintiff's notice argument cannot be predicated on a breach of a duty to inspect as Carnival owed Plaintiff no such duty.  Even assuming *arguendo* that Carnival owed a duty to inspect, Plaintiff's duty to warn claim would still fail.  The Plaintiff's Complaint, like the complaint in *Gayou v. Celebrity Cruises, Inc.*, 2012 U.S. Dist. LEXIS 77536, *16 (S.D. Fla. 2012), "fails to state a claim because [Plaintiff] has not alleged any facts from which it may be inferred that [Carnival] either knew or should have known of any dangerous or unsafe condition associated with the excursion."  *Id.*; *see also Zapata v. Royal Caribbean Cruises, Ltd*., 2013 WL 1296298 at *2 (S.D. Fla. Mar. 27, 2013) (holding a similar complaint was "so lacking in factual allegations that it resembles a form complaint that could be used by any passenger who was injured during any excursion, while on a cruise," "[does] not state any fact beyond the occurrence of an 'accident' that caused the [alleged injuries]," and "is also devoid of factual allegations to support the negligence sub- claims."). This Court's holding *Joseph v. Carnival* is also instructive. 2011 U.S. Dist. LEXIS 80238, *8 (S.D. Fla. July 22, 2011).   In that case, Plaintiff was injured while on a parasailing excursion and alleged that Carnival knew or should have known of prior deaths associated with the latent

dangers of parasailing.  *Id.*  The Court ultimately held that "while Plaintiff alleges that there are numerous theoretical conditions which may make parasailing hazardous as a general proposition, and that Carnival had a duty to warn about all of them, Plaintiff does not allege that the decedent's accident was caused by any particular one of them."  *Id.*  Here, the Plaintiff does not even address **what conditions** made the ATV excursion hazardous that should have been revealed by an inspection.  Further, Plaintiff's Complaint provides no factual information as to what hazards the ATV excursion posed to its passengers at the time of the incident that allegedly caused Plaintiff's accident. Certainly, if this Court held the complaint in *Joseph* to be inadequate, Plaintiff's allegations here are even more deficient and fail to impart fair notice onto the defendant of Plaintiff's claim and the grounds upon which it rests in accordance with *Twombly*. 550 U.S. at 556.

   Plaintiff's allegation that he anticipates that discovery will reveal other prior incidents where passengers were injured on the excursion is also wholly insufficient to state a failure to warn claim.  As noted in Carnival's Motion [D.E. 19], Plaintiff cannot satisfy pleading requirements by speculating that discovery will reveal information to support his claims.  Rather, Plaintiff is required to plead sufficient facts to support his claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").  Additionally, even assuming *arguendo* that the law allowed Plaintiff to plead his claims with speculation, Plaintiff's allegation does not assert that discovery will reveal that other passengers were injured on the excursion as a result of **some dangerous condition associated with the excursion**.  The fact that a passenger is injured does not necessarily equate to injury as a result of a risk-creating condition associated with the excursion. For instance, a passenger could injure their back bending over to pick up their sunglasses.  More importantly, under maritime law, Plaintiff must establish that the shipowner failed to warn of **the** risk-creating condition that caused Plaintiff's injury.  *See Magazine v. Royal Caribbean Cruises, Ltd.*,2014 U.S. Dist. Lexis 41092 (S.D. Fla. 2014) (holding that to prove a defendant's failure to warn caused an injury, the plaintiff must show **that the risk about which defendant failed to warn caused the injury**).  In other words, the failure to warn of a condition that is not causally related to the injury cannot support a negligence claim.  Here, Plaintiff's Complaint did not identify the specific risk-creating condition that is alleged to have caused his injury, let alone alleged that Carnival was aware of that condition.  For these reasons, Plaintiff's negligent warn

allegations fail to state a claim upon which relief can be granted, and Carnival respectfully submits that Plaintiff's failure to warn claim must be dismissed.

### c. Plaintiff's conclusory allegations as to Carnival's negligent selection/ retention claims are insufficient

In Plaintiff's Response, he fails to point to any facts in support of his negligent selection/ retention and they should be dismissed due to Plaintiff's failure to plead a prima facie case. Specifically, in order to bring a claim for negligent selection/ retention of an independent contractor, Plaintiff must plead ultimate facts showing that Kantours was incompetent or unfit to perform the work, that the carrier knew or reasonably should have known of the particular incompetence or unfitness, and that such incompetence or unfitness proximately caused his injuries. *Gayou v. Celebrity Cruises, Inc.*, 2012 U.S. Dist. LEXIS 77536, *14 (S.D. Fla. 2012).

As a threshold matter, Plaintiff's Response does not allege any facts that Kantours was "incompetent" or "unfit." [D.E. 28, p. 10-13]. Additionally, Plaintiff's Complaint is devoid of any factual allegations that Carnival knew or reasonably should have known that Kantours was incompetent or unfit as an operator. For example, Plaintiff fails to allege that Kantours was not competent or duly qualified prior to being hired or at any time prior to the subject incident. In defending his negligent selection/ retention claims, the "acts and omissions" Plaintiff cites to [D.E. 28, p. 11-12] are in fact nothing more than Plaintiff simply listing a variety of ways in which conduct imposing liability may have occurred, which courts have held to be insufficient to satisfy the pleading standards of *Twombly* and *Iqbal*. *See e.g. Llado-Carreno v. Guidant Corp.*, 2011 WL 705403, at *3 (S.D. Fla. Feb. 22, 2011) (holding complaint did not state a plausible claim for negligence where it simply listed various duties prefixed with the words "failing to" and provided no factual allegations); *see also Liberty Ins. Corp. v. PGT Trucking, Inc.*, 2011 WL 2552531, at *5 (W.D. Pa. 2011) ("It is not sufficient for [plaintiff] to plead the mere existence of an [element] and then to list the myriad of ways in which [conduct imposing liability] might, theoretically, have occurred. Such bare-bones insinuations do not satisfy the *Twombly* standard.").

Furthermore, Plaintiff states his negligent selection/ retention claim "is supported by facts that include, but are not limited to, the Excursion Entities' "incompetence and/ or unfitness"; the subject excursion's incompetent tour guides "based on the lack of and/or inadequate safety/ practice lesson given to the Plaintiff and/ or cruise passenger prior to the subject incident"; the

shore excursion "not [being] competently operated; and Carnival not inspecting and/ or supervising the subject shore excursion, the Excursion Entities, and/or the Excursion Entities' policies and procedures." [D.E. 28, p. 12-13]. Plaintiff does not cite to any facts showing how Carnival was on notice of Kantour's alleged unfitness, but instead, merely repeats the same vague, conclusory allegations cited to in the Complaint reminiscent of the shotgun pleading the Eleventh Circuit has previously condemned. *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321-22 (11th Cir. 2015) (recognizing one type of shotgun pleading exists where a complaint is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action). As such, the allegations contained in Plaintiff's Complaint do not put Carnival on notice of the basis for Plaintiff's negligent selection/ retention claim. Thus, to the extent Plaintiff attempts to hold Carnival liable for negligent selection/ retention of the shore excursion operator, Kantours, Carnival respectfully submits Count I should be dismissed with prejudice.

**II.     COUNT III FOR APPARENT AGENCY/ AGENCY BY ESTOPPEL MUST BE DISMISSED**

Plaintiff's only argument regarding apparent agency is that the Ticket Contract is not specifically referenced in the Complaint and is not central to his apparent agency/ agency by estoppel negligence claims. Plaintiff Complaint alleges that "Carnival was engaged in the business of providing…to the Plaintiff…for compensation, vacation cruises aboard the vessel, the *Carnival Valor*." [D.E. 1, ¶7(f)]. Therefore, Plaintiff's claims are predicated on the fact that Plaintiff was a fare paying passenger who was provided with and was required to acknowledge the Ticket Contract in order to board Carnival's vessel. Plaintiff does not attempt to refute the fact that he was required to acknowledge and accept the language contained in the Ticket Contract prior to boarding the subject cruise. Furthermore, as in any cruise line/ passenger negligence claim, the Ticket Contract sets forth each party's rights and limitations, and accordingly, the Ticket Contract is central to Plaintiff's claims.

Courts in this district have previously dismissed claims similar to those brought by Plaintiff in the instant action in light of the very same language in the Ticket Contract. *See e.g.*, *Smolnikar v. Royal Caribbean Cruises, Ltd*., 787 F. Supp. 2d 1308, 1324-25 (S.D. Fla. 2011) (holding that a belief of an agency relationship was not reasonable in light of the language in the ticket contract "which expressly represented that the offshore excursion tour operators . . . were

6

independent contractors and were not agents or representatives of [the cruise line]."). In light of the above, it is clear that Ticket Contract is central to Plaintiff's claims.

Plaintiff also argues that the Ticket Contract has not been authenticated and therefore Plaintiff disputes its authenticity. [D.E. 28]. This argument is without merit. First, Plaintiff has not asserted any factual basis to dispute the authenticity of the ticket contract. Plaintiff Response [D.E. 28] does not dispute that he was provided with a copy of the Ticket Contract prior to his cruise. Moreover, the provisions cited by Carnival in its Motion are identical to those contained in the Ticket Contracts at issue in a plethora of other matters litigated by counsel for Plaintiff. *See Rinker v. Carnival Corp.* CASE NO. 09-23154-CIV-SEITZ/SIMONTON [D.E. 207] (Exhibit J); *Kirby v. Carnival Corp.*, CASE NO. 13-20847-CIV-Martinez/McAliley [D.E. 10] (Exhibit B). Therefore, Plaintiff's argument that the Ticket Contract is not authentic is merely a red herring designed to circumvent Defendant's Motion and create unnecessary litigation. Thus, Carnival respectfully submits that the Ticket Contract attached to Carnival's Motion to Dismiss should be considered by the Court in ruling on Carnival's Motion. Accordingly, for the same reasons cited by the Court in *Smolnikar, supra,* the Ticket Contract establishes that it was unreasonable for Plaintiff to believe Kantours was an agent of Carnival[1]. Therefore, Count III should be dismissed with prejudice.

### III.   COUNT IV FOR JOINT VENTURE MUST BE DISMISSED

#### a. The Court should consider the Tour Operator Agreement as it is referenced in the Plaintiff's Complaint and is Central to Plaintiff's Claims

Carnival's Motion to Dismiss argued that Plaintiff fails to state a claim for joint venture as she has failed to allege any facts to support the conclusory allegation that the parties intended to create a joint venture and because the agreement between Carnival and Kantours makes clear that the parties did not intend to create a joint venture. [DE 19, p. 14-16]. Plaintiff's Response first argues that the agreement between Carnival and Kantours ("Excursion Contract") cannot be

---

[1] Plaintiff's Response [D.E. 28] fails to establish that dismissal of Plaintiff's claims for apparent agency and/ or agency by estoppel is inappropriate at the motion to dismiss stage. As a threshold matter, courts in this district have previously dismissed such claims at the motion to dismiss stage. *See e.g.*, *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351, 1357 (S.D. Fla. 2009) (dismissing claims for apparent agency and joint venture); *Koens v. Royal Caribbean Cruises*, Ltd., 774 F. Supp. 2d 1215, 1222 (S.D. Fla. 2011) (dismissing claims for apparent agency and third party beneficiary).

considered at this stage of litigation, as it was not attached to Plaintiff's First Amended Complaint. As referenced above, *Supra* II(a), this argument must fail. As an initial matter, the Excursion Contract is specifically referenced in Plaintiff's Complaint. [D.E. 1, ¶52] ("Carnival and the Excursion Entities entered into an agreement where Carnival would sell the subject shore excursion); [D.E. 1, ¶63] ("Carnival and the Excursion Entities entered into a contract"); [D.E. 1, ¶64] ("The contract between the parties…"); [D.E. 1, ¶65] ("This contract was breached by Carnival and the Excursion Entities"). Moreover, the agreement between the parties is central to the claims in this case. Similar contracts have been considered by the Court in ruling on and granting motions to dismiss claims of joint venture.

In *Zapata v. Royal Caribbean Cruises, Ltd.*, 2013 U.S. Dist. Lexis 43487 (S.D. Fla. 2013), this Honorable Court was presented with nearly identical arguments regarding joint venture. There, the Court found that it could consider the agreement between the cruise line and the tour operator on a motion to dismiss. *Id.* Further, the Court dismissed Plaintiff's joint venture claim because the unambiguous language of the contract, which is nearly identical to the language in the contract at issue here, contradicted Plaintiff's claims that there was a joint venture. *Id.*

Plaintiff argues that the Court should look to other provisions of the contract to determine the parties' intent: "Excursion Entities are responsible for arranging and providing the shore excursion"; "Carnival has 'sole discretion' to determine whether a passenger is entitled to a full or partial reimbursement of the shore excursion ticket if such passenger is dissatisfied"; "Carnival also has 'sole discretion' to determine the price to charge passengers for Excursion Entities' excursion and Carnival is the party that directly collects payments from the passengers for the Excursion Entities' excursion;" "Section 13 Carnival the right to "inspect, audit and copy the Carnival-related Shore Excursion information in [the Excursion Entities'] books and records…at any reasonable time." [D.E. 28, p. 22-23]. These provisions that Plaintiff urges the Court to consider support Carnival's arguments that there is no joint venture, not Plaintiffs, as they clearly establish that Plaintiff cannot prove that the parties intended to have a joint control over the excursion. Specifically, the provisions of the contract upon which Plaintiff relies clearly evidence that the parties were not to have joint control as Carnival had sole discretion to issue refunds, had sole discretion to determine prices, and was the only party with the right to audit books and records. Therefore, in addition to the fact that the contract clearly defines the

8

relationship of the parties which in and of itself has been found dispositive of whether a joint venture was intended[2], the provisions cited to by Plaintiff only reinforce that there was no intent to give the parties joint control over the excursion. Additionally, while Plaintiff has alleged in a conclusory manner that Carnival and Kantours shared profits and shared losses, Plaintiff has failed to allege any factual information to support these elements of a joint venture claim. For these reasons, Plaintiff's joint venture claim should be dismissed.

### V.    COUNT V FOR THIRD PARTY BENEFICIARY MUST BE DISMISSED

In his Response [D.E. 28, p. 24], Plaintiff argued that Carnival's motion to dismiss the Plaintiff's third party beneficiary claim should be denied by inferring an intent to benefit Plaintiff from the language in the contract: "[T]he contract between the parties clearly manifested the intent of the contracting parties that the contract primarily and directly benefits the Plaintiff third party by requiring the Excursion Entities to exercise reasonable care in the operation of the subject excursion." [D.E. 28, p. 24]. Plaintiff argument fails. First, Plaintiff has not alleged sufficient factual information to support that the agreement was intended to primarily and directly benefit Plaintiff. *See Rinker v. Carnival Corp.*, 2010 U.S. Dist. LEXIS 144190, *15-16 (S.D. Fla. June 18, 2010). Notwithstanding, the provision of the contract cited by Plaintiff creates an obligation on the part of the "Excursion Entities", and not Carnival. Indeed, Plaintiff has not pled that the contract obligates Carnival to do anything for the benefit of third parties such as the Plaintiff or that Carnival breached any obligation required by the contract. An essential element of a breach of contract claim is an obligation owed by a defendant to a plaintiff. *See Kraft Foods N. Am., Inc. v. Banner Eng'g & Sales, Inc.*, 446 F. Supp. 2d 551 (E.D. VA 2006). A party must first allege a contractual obligation in order to plead breach of contract adequately. *See Jet Source Charter, Inc. v. Gemini Air Group, Inc.*, 2007 U.S. Dist. LEXIS 85308 (S.D. CA 2007). *See Rinker v. Carnival Corp.*, 2010 U.S. Dist. LEXIS 144190 (S.D. Fla. June 18, 2010) ("To hold Carnival liable for a breach of the other contracting parties, as Plaintiff seeks to do, would turn contract law on its head"). Here, as in the *Rinker* matter, Plaintiff is alleging an obligation owed by the Excursion Entities, not Carnival. Accordingly, Carnival respectfully submits that Plaintiff's third party beneficiary claim must be dismissed with prejudice.

---

[2] *Zapata*, *supra,* 2013 WL 1296298 at *6.

CASE NO. 15-cv-24115-MOORE/McAliley

WHEREFORE, Carnival respectfully requests that this Court grant its motion and dismiss the Plaintiff's Complaint with prejudice, and grant any and all further relief this Court deems just and appropriate.

Dated: January 8, 2016
       Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, PA**

By: /s/*Noah D. Silverman, Esq.*
    Jeffrey E. Foreman, Esq.
    Florida Bar No. 0240310
    jforeman@fflegal.com
    Noah D. Silverman, Esq.
    Florida Bar No. 0401277
    nsilverman@fflegal.com
    Raquel Loret de Mola
    Florida Bar No. 117533
    rlmola@fflegal.com
    One Biscayne Tower, Suite 2300
    2 South Biscayne Boulevard
    Miami, FL  33131
    Phone: 305-358-6555
    Fax: 305-374-9077
    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 8, 2016 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

BY:    /s/*Noah D. Silverman, Esq.*
           Noah D. Silverman, Esq.

CASE NO. 15-cv-24115-MOORE/McAliley

**SERVICE LIST**
**CASE NO. 15-cv-24115-MOORE/McAliley**

| | |
|---|---|
| Jason Margulies, Esq. | Jeffrey E. Foreman, Esq. |
| jmargulies@lipcon.com | Florida Bar No. 0240310 |
| Jacqueline Garcell, Esq. | jforeman@fflegal.com |
| jgarcell@lipcon.com | Noah D. Silverman, Esq. |
| Lipcon, Margulies, Alsina & Winkleman, PA | Florida Bar No. 0401277 |
| One Biscayne Tower, Suite 1776 | nsilverman@fflegal.com |
| 2 South Biscayne Blvd. | Raquel Loret de Mola |
| Miami, Florida 33131 | Florida Bar No. 117533 |
| Phone: 305-373-3016 | rlmola@fflegal.com |
| Fax: 305-373-6204 | One Biscayne Tower, Suite 2300 |
| *Attorneys for Plaintiff* | 2 South Biscayne Boulevard |
| | Miami, FL 33131 |
| | Phone: 305-358-6555 |
| | Fax: 305-374-9077 |
| | *Attorneys for Defendant* |

Carlos J. Chardon, Esq.
cchardon@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
150 SE 2nd Street
Suite 1200
Miami, FL 33131
Phone: 305-379-3686, Fax: 305-379-3690
*Attorneys for Defendants, Delisle Walwyn & Co. Ltd. and Vacation and Tour Consultants (St. Kitts) Ltd. d/b/a Kantours a/k/a Kantours Destination Services*