IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-CIV-24115-MOORE/McALILEY

TIMOTHY THOMPSON,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff hereby sues Defendant and allege as follows:

### JURISDICTIONAL AND PRELIMINARY ALLEGATIONS

1. The Plaintiff, TIMOTHY THOMPSON, is a citizen of New Jersey.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity with its principal place of business in Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.  In the event diversity jurisdiction does not apply, then this matter is brought under the admiralty and maritime jurisdiction of the Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b.  Was engaged in substantial activity within this state;

    c.  Operated vessels in the waters of this state;

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

    d.   Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 and/or 48.193;

    e.   The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f.   The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Carnival Valor*.

5.   The Defendant is subject to the jurisdiction of the Courts of this State.

6.   The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7.   At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Valor*.

8.   On or about December 12, 2014, the Plaintiff was a paying passenger aboard the *Carnival Valor* vessel, which was in navigable waters.

## FACTS COMMON TO ALL COUNTS

9.   After booking the subject cruise aboard the *Carnival Valor*, Defendant sent the Plaintiff promotional material, which provided information and descriptions of shore excursions, including an excursion entitled, "ATV Adventure."

10. In addition to the promotional material sent to the Plaintiff, information and descriptions of shore excursions, including the ATV Adventure, was included in Defendant's website.  Tickets for shore excursions, including the ATV Adventure, were also available for sale on Defendant's website.

11. Once the Plaintiff was aboard the subject vessel, Defendant conducted a live presentation to passengers, during which Defendant discussed all of the excursion options available to

passengers during the cruise.  This live presentation was recorded by Defendant, and it was televised in the passengers' cabins, including the Plaintiff's cabin, during the subject cruise.  The ATV Adventure was among the excursions discussed at the presentation.

12. Defendant also had promotional materials at its shore excursion desk aboard the vessel and/or other areas of the ship with information and descriptions of shore excursions, including the ATV Adventure.  Tickets for shore excursions, including the ATV Adventure, were also available for sale on Defendant's shore excursion desk aboard the vessel.

13. The information and/or material Defendant made available and/or distributed to the Plaintiff represented that the excursions offered by Defendant, including the ATV Adventure, were safe.  For example, Defendant's website stated that Defendant "hand selected the best local providers at every port of call," and Defendant recommended that passengers not engage in excursions, tours or activities that were not sold through Defendant.  In addition, Defendant's promotional material and information concerning the ATV Adventure did not require or recommend any particular level of experience to operate an All-Terrain Vehicle (ATV) and/or participate in the ATV Adventure.

14. The Plaintiff had never operated an ATV prior to the subject cruise.  Therefore, relying on the safety and reputability of the excursions offered by Defendant, including the ATV Adventure, the Plaintiff purchased tickets for the ATV Adventure directly from Defendant.  Defendant received a portion of the Plaintiff's ticket price for the ATV Adventure.  The Plaintiff therefore obtained all of the information regarding the ATV Adventure from Defendant and made all of the reservation arrangements for the ATV Adventure exclusively with Defendant.

15. On or about December 12, 2014, as part of Plaintiff's cruise aboard the *Carnival Valor*, the Plaintiff participated in the ATV Adventure excursion in St. Kitts.

16. Unbeknownst to the Plaintiff at the time of the subject incident, the excursion was operated by Vacation and Tour Consultants (St. Kitts) Ltd. d/b/a Kantours a/k/a Kantours Destination Services and/or Delisle Walwyn & Co. Ltd. (collectively referred to as the "Excursion Entities").

17. During the excursion, the Plaintiff notified the tour guides that he had never operated an ATV before and had no prior experience with ATVs. Nevertheless, the tour guides did not provide the Plaintiff sufficient instructions or safety guidelines as to how to properly operate an ATV. Instead, the tour guides had the participants, including the Plaintiff, attempt to learn by riding around the practice course themselves, without adequate supervision and/or assistance.

18. However, the practice course was not suitable for inexperienced ATV riders like the Plaintiff because it was comprised of rough, uneven and/or steep terrain that was difficult and/or dangerous to navigate. As a result, as the Plaintiff was attempting to go down a steep hill, the brakes in the ATV failed and/or malfunctioned. The Plaintiff was therefore thrown off of the ATV, and the ATV ran over the Plaintiff's left foot, causing him to suffer severe injuries.

19. Prior to the Plaintiff's incident, Defendant was or should have been on notice that ATV excursions were not safe and/or that the brakes in ATVs had the tendency to malfunction. This notice was or should have been acquired due to other cruise ship passengers also being injured participating in ATV excursions. For example, on or about July 29, 2013, a passenger aboard Defendant's cruise was injured while participating in an ATV excursion when the "ATV landed on her left leg" due to "defective and poorly working brakes." *See Richards v. Carnival Corp.*, No. 14-23212-CIV, 2015 WL 1810622 (S.D. Fla. Apr. 21, 2015). At least 2-3 other passengers had also complained about "the ATV brakes' defective condition." *Id.*

20. Additionally, when entering into business relationships with shore excursion operators, including the Excursion Entities, Defendant prohibited certain activities from being offered as

excursions to Defendant's passengers.  One of those activities was excursions with ATVs. Defendant prohibited such excursions, at least in part, because it was on notice that ATV excursions were dangerous.

21. Furthermore, before offering excursions to Defendant's passengers, the excursions and/or the excursion operators are subject to Defendant's approval.  During this approval process, Defendant is supposed to verify whether the operator is qualified.  The excursion operators also provide Defendant details pertaining to the excursion, including, but not limited to, the location, a description, restrictions, and/or participation levels for the excursion.  Part of the approval process also entails Defendant's representatives visiting and taking the excursion being proposed.  As a result, Defendant's representatives did or should have visited the ATV Adventure's practice course, which did or should have revealed the hazard that it posed to passengers like the Plaintiff. Further, visiting and/or taking the ATV Adventure did or should have revealed the Excursion Entities' inadequate instruction and/or lack of supervision/assistance to excursion participants, and/or that the ATVs were not being properly inspected and/or maintained.

22. Moreover, once an excursion is approved and accepted by Defendant, Defendant sends excursion operators standards, policies, and/or procedures that the operators must adhere to while Defendant is offering their excursions to its passengers.  Additionally, the excursion operators are subject to yearly inspections and/or approval by Defendant.  Defendant conducts site inspections of the excursion and/or excursion operators are required to submit yearly "bids" and/or reports to Defendant, wherein the operators disclose the details of incidents that occurred during the excursion involving cruise line passengers (among other information).  Therefore, prior to the Plaintiff's incident, Defendant was or should have been on notice that cruise ship passengers were injured participating in ATV excursions, including the ATV Adventure.  Further, Defendant's

yearly inspections and/or approval, including site inspections of the ATV Adventure, did or should have revealed the Excursion Entities' inadequate instruction and/or lack of supervision/assistance to excursion participants, and/or that the ATVs were not being properly inspected and/or maintained.

### FACTS CONCERNING THE RELATIONSHIP/ARRANGEMENT BETWEEN DEFENDANT AND THE EXCURSION ENTITIES

23. At all times material hereto, the Excursion Entities were the agents and/or apparent agents of Defendant by virtue of the following, such that Defendant is estopped from denying that the Excursion Entities were the agents and/or apparent agents of Defendant:

a. Defendant made all arrangements for the subject shore excursion without disclosing to Plaintiff that the subject shore excursion was being run by another entity (and/or entities); and/or

b. Defendant marketed the subject shore excursion using its company logo on its website and/or in its brochures and/or on its ship without disclosing to Plaintiff that the subject shore excursion was being run by another entity (and/or entities); and/or

c. Defendant maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject shore excursion without disclosing to Plaintiff that the subject shore excursion was being run by another entity (and/or entities); and/or

d. Defendant recommended its passengers to not engage in excursions, tours and/or activities that are not sold through Defendant; and/or

e. Until the point that Plaintiff actually participated in the subject shore excursion, the Plaintiff's exclusive contacts concerning the subject shore excursion was with Defendant and/or Defendant's onboard excursion desk; and/or

f.   The fee for the subject shore excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by Defendant; and/or

g.   Plaintiff received the receipt for the purchase of the subject shore excursion exclusively from Defendant.

24. At all times material hereto, Plaintiff relied on the above, to his detriment, so as to believe that the Excursion Entities were the employee(s) and/or agent(s) of Defendant, in choosing the subject shore excursion.  At no time did Defendant represent to Plaintiff in particular, or the ship's passengers in general, in a meaningful way that the Excursion Entities were not agent(s) and/or employee(s) of Defendant.

25. At all times material hereto, Defendant was the owner or co-owner of the subject shore excursion.  At all times material hereto, Defendant was responsible for, and liable for, the actions of the Excursion Entities with respect to the subject shore excursion.

26. In the alternative, at all times material hereto, a partnership and/or joint venture existed between the Excursion Entities by virtue of the following, whereby Defendant and the Excursion Entities are jointly and severally responsible for the negligence of each other as partners of the partnership and/or joint venture:

a.   Defendant and the Excursion Entities entered into an agreement whereby: Defendant made all arrangements for the Plaintiff, on behalf of the partnership with the Excursion Entities, for the subject shore excursion being run by the Excursion Entities; and/or

b.   Defendant marketed on Defendant's website and/or in its brochures and/or on its ship, on behalf of the partnership with the Excursion Entities, the subject shore excursion being run by the Excursion Entities; and/or

c.   Defendant maintained an excursion desk on its ship where it offered, sold, provided information to, and answered questions of passengers, on behalf of the partnership with the Excursion Entities, about the subject shore excursion being run by the Excursion Entities; and/or

d.   The Excursion Entities provided the equipment to be used in the subject shore excursion; and/or

e.   Defendant determined the amount of money charged for the subject shore excursion being run by the Excursion Entities; and/or

f.   Defendant collected the amount of money charged for the subject shore excursion being run by the Excursion Entities; and/or

g.   Defendant shared profits with the Excursion Entities for the subject shore excursion by retaining a portion of the ticket sales for the subject shore excursion after the tickets were sold, and paying the Excursion Entities the remaining portion of the ticket sales for the subject shore excursion; and/or

h.   Defendant shared losses with the Excursion Entities for the subject shore excursion, including, for instance, when Defendant issued a refund to passengers for the Excursion Entities' excursion(s), including, but not limited to, the ATV Adventure.

27. At all times material hereto, Defendant was a partner in the subject shore excursion.

28. At all times material hereto, the Excursion Entities owned and operated the subject shore excursion.  The Excursion Entities were involved in providing the subject shore excursion to the Plaintiff.  At all times material hereto, the Excursion Entities were the agent(s), apparent agent(s), joint venturer(s), servant(s), and/or employee(s) of Defendant and at all times acted within the course and scope of their agency, apparent agency, joint venture, service and/or employment.

## COUNT I – NEGLIGENCE AGAINST DEFENDANT

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-eight (28) as though alleged originally herein.

29. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

30. On or about December 12, 2014, Defendant and/or its agents, servants, joint venturers and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances.

31. On or about December 12, 2014, the Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, joint venturers and/or employees, for acts and/or omissions that include, but are not limited to, the following:

a.   Failure to provide a safe excursion; and/or

b.   Failure to adequately inspect and/or monitor excursion providers so as to ensure that the subject shore excursion was reasonably safe for cruise passengers and the Plaintiff; and/or

c.   Failure to properly supervise and oversee the excursion marketed, advertised, offered and sold to its guests; and/or

d.   Failure to adequately inspect and/or monitor the subject shore excursion so as to ensure that the ATVs used for the subject shore excursion were regularly and adequately inspected and/or maintained; and/or

e.   Failure to adequately inspect and/or monitor the subject shore excursion so as to ensure that the ATVs used for the subject shore excursion were reasonably safe for Plaintiff and cruise passengers; and/or

f.   Failure to adequately inspect and/or monitor the subject shore excursion so as to ensure that the excursion participants were being adequately and/or properly instructed, assisted and/or supervised by the tour guides; and/or

g.   Failure to adequately warn the Plaintiff of the dangers of participating in the subject shore excursion; and/or

h.   Failure to adequately warn the Plaintiff of the dangers and/or difficulties involved in operating an ATV; and/or

i.   Failure to adequately warn the Plaintiff concerning the danger and/or challenging nature of the excursion's practice course and/or terrain used for the excursion; and/or

j.   Failure to adequately warn the Plaintiff of the level of experience needed and/or recommended to operate an ATV; and/or

k.   Failure to adequately warn the Plaintiff that the brakes in ATVs may malfunction; and/or

l.   Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to ensure that the ATVs used for the subject shore excursion were regularly and adequately inspected and/or maintained; and/or

m.   Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to ensure that the ATVs used for the subject shore excursion were reasonably safe for Plaintiff and cruise passengers; and/or

n.   Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to ensure that passengers participating in the subject shore excursion are adequately and/or properly instructed, assisted and/or supervised by the tour guides.

32. All or some of the above acts and/or omissions by Defendant and/or its agents, servants, and/or employees, caused and/or contributed to the Plaintiff being severely injured while participating in the subject shore excursion.

33. At all times material hereto, Defendant knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This is based on: (a) Defendant prohibiting ATV excursions; (b) Defendant's initial approval process of the Excursion Entities and/or the ATV Adventure, including, but not limited to, having Defendant's representative(s) visit and take the ATV Adventure; (c) Defendant's yearly inspections of the Excursion Entities and/or the ATV Adventure, including, but not limited to, conducting site inspections; and/or (d) prior incidents involving passengers injured on ATV excursions, as alleged above.

34. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT II – NEGLIGENT HIRING AND/OR RETENTION

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-eight (28) as though alleged originally herein.

35. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

36. At all times material hereto, Defendant had a duty to hire competent and/or fit excursion operators.

37. On or about December 12, 2014, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances by hiring and/or retaining the Excursion Entities, who were incompetent and/or unfit based on the following:

    a.   The failure of the Excursion Entities to provide a safe excursion; and/or

    b.   The failure of the Excursion Entities to provide an adequate practice course for passengers to learn how to operate ATVs and/or practice operating ATVs; and/or

    c.   The failure of the Excursion Entities to adequately instruct excursion participants on how to operate ATVs; and/or

    d.   The failure of the Excursion Entities to provide adequate supervision and/or assistance to excursion participants during the subject shore excursion.

38. All or some of the above acts and/or omissions by Defendant and/or its agents, servants, and/or employees, caused and/or contributed to the Plaintiff being severely injured while participating in the subject shore excursion.

39. At all times material hereto, Defendant knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned

of them and corrected them. This knowledge was or should have been acquired through: (a) Defendant's initial approval process of the Excursion Entities and/or the ATV Adventure, including, but not limited to, having Defendant's representative(s) visit and take the ATV Adventure; and/or (b) Defendant's yearly inspections of the Excursion Entities and/or the ATV Adventure, including, but not limited to, conducting site inspections.

40. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT III – NEGLIGENCE AGAINST DEFENDANT
## BASED ON APPARENT AGENCY OR AGENCY BY ESTOPPEL

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-eight (28) as though alleged originally herein.

41. At all times material hereto, the Excursion Entities were the apparent agent(s) of Defendant.

42. At all times material hereto, Defendant is estopped to deny that the Excursion Entities were their agents or employees.

43. At all times material hereto, Defendant made manifestations which caused the Plaintiff to believe that the Excursion Entities had authority to act for the benefit of Defendant. These manifestations included:

a. Defendant allowed its name to be utilized in connection with the advertising of the Excursion Entities; and/or

b. Defendant made all arrangements for the subject shore excursion without effectively disclosing to the Plaintiff that the subject shore excursion was being run by another entity (and/or entities); and/or

c. Defendant marketed the subject shore excursion using its company logo on its website and/or in its brochures and/or on its ship without effectively disclosing to the Plaintiff that the subject shore excursion was being run by another entity (and/or entities); and/or

d. Defendant maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject shore excursion without effectively disclosing to the Plaintiff that the subject shore excursion was being run by another entity (and/or entities); and/or

e. Until the point that Plaintiff actually participated in the subject shore excursion, the Plaintiff's exclusive contacts concerning the subject shore excursion was with Defendant; and/or

f. Defendant recommended to Plaintiff to not engage in excursions, tours or activities that are not sold through Defendant as Defendant has no familiarity with other tours or their operations; and/or

g. The fee for the excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by Defendant; and/or

     h.   Plaintiff received the receipt for the purchase of the subject shore excursion exclusively from Defendant.

    44. Plaintiff reasonably relied on the above, to his detriment, so as to believe that the Excursion Entities were the employees and/or agents of Defendant in choosing the subject shore excursion.

    45. It was reasonable to believe that the Excursion Entities were Defendant's employees and/or agents because the Plaintiff booked, paid for and made all necessary arrangements for the subject shore excursion with Defendant.  Defendant's actions caused Plaintiff to believe that the Excursion Entities had authority to act on Defendant's behalf.  At no time did the Excursion Entities represent to the ship's passengers or the Plaintiff in a meaningful way that the Excursion Entities were not agents or employees of Defendant.

    46. Plaintiff's reasonable reliance was detrimental because Plaintiff would not have booked, paid for and/or participated in the subject shore excursion or incur any injuries had the Plaintiff known that the subject shore excursion was not operated by Defendant.

    47. At all times material hereto, Defendant breached its duty to provide reasonable care under the circumstances through the following acts and/or omissions of its apparent agents, the Excursion Entities:

    a.   Failure to provide a safe excursion; and/or

    b.   Failure to regularly and adequately inspect and/or maintain the ATVs used for the subject shore excursion; and/or

    c.   Failure to adequately warn the Plaintiff of the dangers of participating in the subject shore excursion; and/or

    d.   Failure to adequately warn the Plaintiff of the dangers and/or difficulties involved in operating an ATV; and/or

e.   Failure to adequately warn the Plaintiff concerning the danger and/or challenging nature of the excursion's practice course and/or terrain used for the excursion; and/or

f.   Failure to adequately warn the Plaintiff of the level of experience needed and/or recommended to operate an ATV; and/or

g.   Failure to adequately warn the Plaintiff that the brakes in ATVs may malfunction; and/or

h.   Failure to adequately warn the Plaintiff of the dangers involved with the subject ATV during the subject shore excursion; and/or

i.   Failure to adequately instruct passengers (including the Plaintiff) on how to operate ATVs; and/or

j.   Failure to provide adequate assistance to passengers (including the Plaintiff) while participating in the subject shore excursion; and/or

k.   Failure to adequately supervise passengers participating in the subject shore excursion; and/or

l.   Failure to provide competent tour guides for the subject excursion, based on the lack of and/or inadequate safety/practice lesson given to the Plaintiff and/or cruise passengers prior to the subject incident; and/or

m. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the ATVs used for the subject shore excursion were regularly and adequately inspected and/or maintained; and/or

n.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that the ATVs used for the subject shore excursion were reasonably safe for Plaintiff and cruise passengers; and/or

o.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers participating in the subject shore excursion are adequately and/or properly instructed, assisted and/or supervised by the Excursion Entities.

48. All or some of the above acts and/or omissions by Defendant and/or its apparent agents, the Excursion Entities, caused and/or contributed to the Plaintiff being severely injured while participating in the subject shore excursion.

49. As a direct and proximate result of the negligence of Defendant and/or the Excursion Entities, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

### COUNT IV – NEGLIGENCE AGAINST DEFENDANT BASED ON
### JOINT VENTURE BETWEEN DEFENDANT AND THE EXCURSION ENTITIES

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-eight (28) as though alleged originally herein.

50. At all times material hereto, Defendant and the Excursion Entities engaged in a joint venture to provide excursions to passengers aboard Defendant's ship(s).

51. At all times material hereto, Defendant and the Excursion Entities entered into an agreement where Defendant would sell the subject shore excursion to its passengers and the Excursion Entities would operate the subject shore excursion.

52. As its part of the joint venture, Defendant arranged for, sponsored, recommended, marketed, operated, marketed, sold and/or collected money for the subject shore excursion and the money was then shared between Defendant and the Excursion Entities. As its part of the joint venture, the Excursion Entities provided labor and/or operated the subject shore excursion.

53. Defendant, on behalf of the joint venture, charged a fee to passengers who utilized the excursions.  The fee paid by the passengers, including the Plaintiff, was split between Defendant and the Excursion Entities, such that Defendant and the Excursion Entities shared a profit of the money made from the shore excursion.

54. At all times material hereto, Defendant and the Excursion Entities had joint and/or shared control over aspects of the joint venture.  The Excursion Entities had control over the day-to-day workings of the excursions. Defendant also had control over the day-to-day workings of the excursions in that they required the Excursion Entities to exercise reasonable care in the operation of the subject shore excursion. Defendant had control over the arrangements, marketing and sales of the excursion.

55. At all times material hereto, Defendant and the Excursion Entities shared a common purpose: to operate the subject shore excursion for a profit.

56. At all times material hereto, Defendant and the Excursion Entities had a joint proprietary and/or ownership interest in the subject shore excursion. Defendant had an interest in arranging, sponsoring, recommending, advertising, operating, and selling the subject shore excursion as well

as collecting money for such excursion, and the Excursion Entities had a proprietary interest in the time and labor expended in operating the subject shore excursion.

57. At all times material hereto, Defendant and the Excursion Entities shared and/or had the right to share in the profits of the subject shore excursion, as Defendant retained a portion of the ticket sales for the subject shore excursion after the tickets were sold, and Defendant paid the Excursion Entities the remaining portion of the ticket sales for the subject shore excursion.

58. At all times material hereto, Defendant and the Excursion Entities shared losses that pay have been sustained with the subject shore excursion, including, for instance, when Defendant issued a refund to passengers for the Excursion Entities' excursion(s), including, but not limited to, the ATV Adventure.

59. Defendant and the Excursion Entities are jointly and severally responsible for each other's negligence as partners of the partnership and/or joint venture.

60. At all times material hereto, Defendant and the Excursion Entities therefore:

    a.  Had an intention to create a joint venture;

    b.  Had a joint proprietary interest in the subject matter of the venture;

    c.  Had mutual control and/or joint control over the subject matter of the venture with respect to the provision of excursions to passengers aboard the ship;

    d.  Had a right to share in the profits of the joint venture; and

    e.  Would share losses which may have been sustained.

61. As joint venturers, Defendant and the Excursion Entities are liable for each other's negligence.  Defendant is therefore liable for the negligent conduct of the Excursion Entities.

62. At all times material hereto, Defendant breached its duty to provide reasonable care under the circumstances through the following acts and/or omissions of its joint venturers, the Excursion Entities:

a.   Failure to provide a safe excursion; and/or

b.   Failure to regularly and adequately inspect and/or maintain the ATVs used for the subject shore excursion; and/or

c.   Failure to adequately warn the Plaintiff of the dangers of participating in the subject shore excursion; and/or

d.   Failure to adequately warn the Plaintiff of the dangers and/or difficulties involved in operating an ATV; and/or

e.   Failure to adequately warn the Plaintiff concerning the danger and/or challenging nature of the excursion's practice course and/or terrain used for the excursion; and/or

f.   Failure to adequately warn the Plaintiff of the level of experience needed and/or recommended to operate an ATV; and/or

g.   Failure to adequately warn the Plaintiff that the brakes in ATVs may malfunction; and/or

h.   Failure to adequately warn the Plaintiff of the dangers involved with the subject ATV during the subject shore excursion; and/or

i.   Failure to adequately instruct passengers (including the Plaintiff) on how to operate ATVs; and/or

j.   Failure to provide adequate assistance to passengers (including the Plaintiff) while participating in the subject shore excursion; and/or

k.   Failure to adequately supervise passengers participating in the subject shore excursion; and/or

l.   Failure to provide competent tour guides for the subject excursion, based on the lack of and/or inadequate safety/practice lesson given to the Plaintiff and/or cruise passengers prior to the subject incident; and/or

m.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that the ATVs used for the subject shore excursion were regularly and adequately inspected and/or maintained; and/or

n.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that the ATVs used for the subject shore excursion were reasonably safe for Plaintiff and cruise passengers; and/or

o.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers participating in the subject shore excursion are adequately and/or properly instructed, assisted and/or supervised by the Excursion Entities.

63. All or some of the above acts and/or omissions by Defendant and/or its joint venturers, the Excursion Entities, caused and/or contributed to the Plaintiff being severely injured while participating in the subject shore excursion.

64. As a direct and proximate result of the negligence of Defendant and/or the Excursion Entities, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are

permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

### COUNT V – THIRD-PARTY BENEFICIARY

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-eight (28) as though alleged originally herein.

65. Defendant and the Excursion Entities entered into a contract to provide the excursion, ATV Adventure, for passengers onboard Defendant's ship(s).

66. Defendant and the Excursion Entities intended that the contract primarily and directly benefit Defendant's passengers, including the Plaintiff.

67. The intent of Defendant and the Excursion Entities for the contract to benefit Carnival passengers, including the Plaintiff, was expressed by Defendant and the Excursion Entities.

68. The intent of Defendant and the Excursion Entities for the contract to benefit Carnival passengers, including the Plaintiff, was demonstrated by the provisions of the contract.  These provisions include, but are not limited to, the following: (a) the purpose of the agreement explicitly stating that it is for the Excursion Entities to provide shore excursions to guests on Defendant's vessels; (b) prohibiting dangerous activities from forming any part of shore excursions, including, but not limited to, activities involving motorcycles and ATVs; (c) Defendant having the right to charge its passengers the price that Defendant determines in its sole discretion[1]; (d) Defendant

---

[1] This benefits Defendant's passengers because it ensures that the passengers are getting the lowest price for the excursion.  This is consistent with Defendant's "best price guarantee," wherein Defendant reimburses passengers if they find the same tour offered by another excursion operator at a lower price than Defendant.  By giving Defendant the sole discretion to determine the price

having the sole discretion to provide its passengers a full or partial reimbursement of the excursion ticket if a passenger is dissatisfied; (e) Defendant requiring that the Excursion Entities exercise reasonable care for the passengers' safety at all times; (f) Defendant requiring that the Excursion Entities satisfy and continue to satisfy the highest standards of quality in the industry; and/or (g) Defendant requiring that the Excursion Entity maintain insurance for any and all injuries to passengers.

69. This contract was breached by Defendant and/or the Excursion Entities for acts and/or omissions that include, but are not limited to, the following:

    a.   Offering and/or providing an ATV excursion to Defendant's passengers, including the Plaintiff, when the terms of the contract prohibited such excursions; and/or

    b.   Failure to provide a safe excursion; and/or

    c.   Failure to adequately inspect and/or monitor excursion providers so as to ensure that the subject shore excursion was reasonably safe for cruise passengers and the Plaintiff; and/or

    d.   Failure to properly supervise and oversee the excursion marketed, advertised, offered and sold to its guests; and/or

    e.   Failure to adequately inspect and/or monitor the subject shore excursion so as to ensure that the ATVs used for the subject shore excursion were regularly and adequately inspected and/or maintained; and/or

    f.   Failure to adequately inspect and/or monitor the subject shore excursion so as to ensure that the ATVs used for the subject shore excursion were reasonably safe for Plaintiff and cruise passengers; and/or

---

for excursions, Defendant is allowed to make such "guarantee" that passengers are paying the lowest price.

g.   Failure to adequately inspect and/or monitor the subject shore excursion so as to ensure that the excursion participants were being adequately and/or properly instructed, assisted and/or supervised by the tour guides; and/or

h.   Failure to adequately warn the Plaintiff of the dangers of participating in the subject shore excursion; and/or

i.   Failure to adequately warn the Plaintiff of the dangers and/or difficulties involved in operating an ATV; and/or

j.   Failure to adequately warn the Plaintiff concerning the danger and/or challenging nature of the excursion's practice course and/or terrain used for the excursion; and/or

k.   Failure to adequately warn the Plaintiff of the level of experience needed and/or recommended to operate an ATV; and/or

l.   Failure to adequately warn the Plaintiff that the brakes in ATVs may malfunction; and/or

m. Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to ensure that the ATVs used for the subject shore excursion were regularly and adequately inspected and/or maintained; and/or

n.   Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to ensure that the ATVs used for the subject shore excursion were reasonably safe for Plaintiff and cruise passengers; and/or

o.   Failure to promulgate and/or enforce adequate standards, policies, and/or procedures for the Excursion Entities to ensure that passengers participating in the subject shore excursion are adequately and/or properly instructed, assisted and/or supervised by the tour guides; and/or

p.   Failure to regularly and adequately inspect and/or maintain the ATVs used for the subject shore excursion; and/or

q.   Failure to adequately warn the Plaintiff of the dangers of participating in the subject shore excursion; and/or

r.   Failure to adequately warn the Plaintiff of the dangers and/or difficulties involved in operating an ATV; and/or

s.   Failure to adequately warn the Plaintiff concerning the danger and/or challenging nature of the excursion's practice course and/or terrain used for the excursion; and/or

t.   Failure to adequately warn the Plaintiff of the level of experience needed and/or recommended to operate an ATV; and/or

u.   Failure to adequately warn the Plaintiff that the brakes in ATVs may malfunction; and/or

v.   Failure to adequately warn the Plaintiff of the dangers involved with the subject ATV during the subject shore excursion; and/or

w.   Failure to adequately instruct passengers (including the Plaintiff) on how to operate ATVs; and/or

x.   Failure to provide adequate assistance to passengers (including the Plaintiff) while participating in the subject shore excursion; and/or

y.   Failure to adequately supervise passengers participating in the subject shore excursion; and/or

z.   Failure to provide competent tour guides for the subject excursion, based on the lack of and/or inadequate safety/practice lesson given to the Plaintiff and/or cruise passengers prior to the subject incident; and/or

aa. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the ATVs used for the subject shore excursion were regularly and adequately inspected and/or maintained; and/or

bb. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the ATVs used for the subject shore excursion were reasonably safe for Plaintiff and cruise passengers; and/or

cc. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers participating in the subject shore excursion are adequately and/or properly instructed, assisted and/or supervised by the Excursion Entities.

70. All or some of the above acts and/or omissions by Defendants and/or the Excursion Entities, caused and/or contributed to the Plaintiff being severely injured while participating in the subject shore excursion.

71. As a direct and proximate result of the negligence of the Defendant and/or the Excursion Entities, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Jacqueline Garcell*
      **JASON R. MARGULIES**
      Florida Bar No. 57916
      jmargulies@lipcon.com
      **JACQUELINE GARCELL**
      Florida Bar No. 104358
      jgarcell@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 9, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Jacqueline Garcell*
      **JACQUELINE GARCELL**

**SERVICE LIST**
*Thompson v. Carnival Corp., et al.*
**Case No. 15-CV-24115-Moore/McAliley**

**Jason R. Margulies, Esq.**
jmargulies@lipcon.com
**Jacqueline Garcell, Esq.**
jgarcell@lipcon.com
LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204
*Attorneys for Plaintiff*

**Jeffrey E. Foreman, Esq.**
jforeman@fflegal.com
**Andrew D. Craven, Esq.**
acraven@fflegal.com
**Lisandra Guerrero, Esq.**
lguerrero@fflegal.com
Foreman Friedman, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Defendant, Carnival Corp.*